**UNITED STATES, Appellee,**

v.

**Mark Allen BAYKO,
Defendant, Appellant.**

**No. 85–1253.**

United States Court of Appeals,
First Circuit.

Argued Sept. 4, 1985.
Decided Oct. 1, 1985.

---

Jean-Claude Sakellarios, Manchester, N.H., by appointment of the Court, for defendant, appellant.

Bruce E. Kenna, Asst. U.S. Atty., Concord, N.H., with whom Richard V. Wiebusch, U.S. Atty., Concord, N.H., was on brief for appellee.

Before CAMPBELL, Chief Judge, BREYER, Circuit Judge, and CEREZO,* District Judge.

PER CURIAM.

Mark Bayko, a previously convicted felon, was found guilty of illegally possessing a gun. 18 U.S.C. app. § 1202(a)(1) (1982). He appeals, claiming that the police unlawfully seized the gun in question. The specific issue before us is whether Police Officer Jeffrey Koehler, by knocking on Bayko's door at about 4:30 a.m. (without announcing that he was a policeman), violated the Fourth Amendment's prohibition of "unreasonable searches and seizures."

The basic facts are as follows: On January 25, 1984, at 4:30 a.m., an anonymous citizen called the Manchester, New Hampshire police department and complained about loud noise at 278 Somerville Street. Officer Koehler went to investigate. He heard only the sound of a television set, which "wasn't too loud," coming from a second floor apartment. He knocked on the apartment door "to inform the person inside of the complaint." Bayko answered the door, gun in hand. When he saw Koehler, he threw the gun to the side. But Koehler, recognizing Bayko as a previously convicted felon, knew that in all likelihood he had no right to possess the gun. Koehler therefore entered, (and with help from

another officer) seized the gun, and arrested Bayko.

■ Appellant concedes (as he must) that Koehler's actions, once he saw the gun, were perfectly lawful, for at that point, Koehler had reasonable grounds to believe a crime was being committed. *Gerstein v. Pugh*, 420 U.S. 103, 111–12, 95 S.Ct. 854, 861–62, 43 L.Ed.2d 54 (1975); *Beck v. Ohio*, 379 U.S. 89, 91, 85 S.Ct. 223, 225, 13 L.Ed.2d 142 (1964); *Henry v. United States*, 361 U.S. 98, 102, 80 S.Ct. 168, 171, 4 L.Ed.2d 134 (1959). Hence, arrest, search and seizure of the gun (in plain view) were "reasonable." *Texas v. Brown*, 460 U.S. 730, 103 S.Ct. 1535, 75 L.Ed.2d 502 (1983); *Coolidge v. New Hampshire*, 403 U.S. 443, 91 S.Ct. 2022, 29 L.Ed.2d 564 (1971); *Chimel v. California*, 395 U.S. 752, 762–63, 89 S.Ct. 2034, 2039–40, 23 L.Ed.2d 685 (1969). We find that Koehler's preceding knock on the door was equally reasonable. Koehler's knock was not part of a plan to enter the apartment uninvited. Rather, it reflected an intent to tell a person whose television set was on at 4:30 a.m. that someone else had complained about too much noise. The intrusiveness of the knock, under these circumstances, would seem minimal; and the justification, in terms of ordinary police responsibilities, would seem strong. *Cf. Terry v. Ohio*, 392 U.S. 1, 88 S.Ct. 1868, 20 L.Ed.2d 889 (1968). Thus, without deciding whether policemen can *always* knock on *any* door, we hold this knock lawful. *See* W. LaFave, *Search and Seizure* § 2.3(b) at 298 (1978) ("It is not improper for a police officer to call at a particular house and seek admission for the purpose of investigating a complaint or conducting other official business.")

Appellant brings to our attention cases (based on statutory, not constitutional, law) holding that a policeman can force entry into a home only after stating his purpose and authority. *Sabbath v. United States*, 391 U.S. 585, 88 S.Ct. 1755, 20 L.Ed.2d 828 (1968); *Miller v. United States*, 357 U.S. 301, 78 S.Ct. 1190, 2 L.Ed.2d 1332 (1958); *United States v. DeLutis*, 722 F.2d 902,

* Of the District of Puerto Rico, sitting by designation.

**24**

908 (1st Cir.1983). Koehler made no such announcement here, but neither did he intend to enter the apartment uninvited. Whether or not such an announcement would have been wise, its absence did not make the knock significantly more intrusive, significantly less reasonable, or unconstitutional.

For these reasons, the judgment of the district court is

*Affirmed.*