**UNITED STATES of America,
Plaintiff, Appellee,**

**v.**

**Luis CARBONE, Defendant, Appellant.**

**Nos. 88–1668, 88–1756.**

United States Court of Appeals,
First Circuit.

Heard March 1, 1989.
Decided Aug. 4, 1989.

---

Carlos V. Garcia Gutierrez, San Juan, P.R., for appellant.

Jorge E. Vega–Pacheco, Asst. U.S. Atty., Crim. Div., San Juan, P.R., with whom Jose A. Quiles, Acting U.S. Atty., Hato Rey, P.R., was on brief for the U.S.

Before BREYER and SELYA, Circuit Judges, and CAFFREY,** Senior District Judge.

CAFFREY, Senior District Judge.

Defendant Luis Carbone appeals from the district court's denial of his motions for post-conviction relief under Fed.R.Crim.P. 33 and 28 U.S.C. § 2255. Carbone was convicted by a jury of conspiracy with intent to distribute cocaine in violation of 21 U.S.C. § 846, aiding and abetting in the possession of half a kilogram of cocaine with intent to distribute it, and aiding and abetting in the distribution of half a kilogram of cocaine in violation of 21 U.S.C. § 841(a)(1) and 18 U.S.C. § 2. The conviction was affirmed by this Court in *United States v. Carbone*, 798 F.2d 21 (1st Cir. 1986).

In addition to arguing that the district court erred in denying his request for a new trial on the basis of newly discovered evidence and an alleged "unauthorized evidentiary finding" by this Court, defendant argues that the court should at least have held an evidentiary hearing before ruling on the motions. Given that we are not persuaded by defendant's arguments, we affirm.

■ First, defendant argues that a new trial is in order because newly discovered evidence establishes that he was deprived of effective assistance of counsel in violation of the sixth amendment of the United States Constitution. Defendant contends that his attorney did not pursue viable defenses available to Carbone because of a conflict of loyalties in his representation. He claims that his attorney abandoned an in-depth cross-examination of Jose Rios, a government informant, due to an earlier agreement the attorney had entered into with the government involving Rios' role in another drug prosecution case. There is no indication in the record, however, that the

alleged conflict of interest adversely affected defense counsel's performance in cross-examining Rios, nor was the alleged conflict an active conflict of interest. *See Cuyler v. Sullivan*, 446 U.S. 335, 350, 100 S.Ct. 1708, 1719, 64 L.Ed.2d 333 (1979) (prejudice is presumed only where the defendant establishes that counsel actively represented conflicting interests and that an actual conflict of interest adversely affected the lawyer's performance). Defendant is therefore required to show that his attorney's performance fell below an objective standard of reasonableness and that there is a reasonable probability that but for this ineffective assistance the outcome of the trial would have been different. *See Strickland v. Washington*, 466 U.S. 668, 687–94, 104 S.Ct. 2052, 2064–68, 80 L.Ed.2d 674 (1984) (the appropriate standard for attorney performance is that of reasonably effective assistance and the challenging party must demonstrate prejudice).

We find no abuse of discretion in the district court's determination that defendant is not entitled to a new trial on the basis of ineffective assistance of counsel. Carbone has been unable to show that his attorney's performance in cross-examining Rios fell below an objective standard of reasonableness. The transcript indicates that such cross-examination was vigorous and was well within the range of competence required of defense counsel in criminal cases. Furthermore, defendant is unable to establish by a long shot that there is a reasonable probability that but for the alleged ineffective assistance the outcome of the trial would have been different. As this Court explained in the earlier affirmance, "[t]he evidence against defendant was overwhelming; he was convicted by the words out of his own mouth." 798 F.2d at 29. Rios' testimony was only a part of a strong case against defendant. Defendant's challenge on this basis fails to satisfy both of the requirements set forth in *Strickland*. The district court did not abuse its discretion in rejecting this challenge.

** Of the District of Massachusetts, sitting by designation.

■ Second, defendant also argues that a new trial should be granted based on newly discovered evidence uncovering the alleged perjury of Burgos Colon, one of the government's key witnesses at trial. Carbone alleges that there is substantial evidence that Burgos lied when he testified that he sold half a kilogram of cocaine to Carbone. According to defendant, Burgos told a fellow inmate at the Commonwealth Penitentiary at Rio Piedras that he had never entered into a drug transaction with defendant. Defendant has also provided this Court with a supplemental offer of proof regarding the alleged perjury of Burgos at trial on the subject of his plea agreement which provided for his testifying against Carbone. For purposes of this appeal, we allow the defendant's related motion to supplement the record. We conclude, however, that the district court's denial of defendant's request for a new trial should not be disturbed.

Given that defendant has alleged that Burgos' testimony implicating defendant in the drug transaction was perjured, the applicable analysis is arguably the test described in *Larrison v. United States*, 24 F.2d 82, 87 (7th Cir.1928). *See United States v. Wright*, 625 F.2d 1017, 1020 (1st Cir.1980) ("[W]e have suggested that the rule is applicable in cases in which the new evidence demonstrates that the testimony in question was deliberately false."). Under *Larrison*, the threshold for granting a new trial is that "the trial judge be satisfied that the testimony was perjured." *Id.* at 1020. It is well established that recantations are generally viewed with considerable skepticism. *Pelegrina v. United States*, 601 F.2d 18, 21 (1st Cir.1979); *United States v. DiCarlo*, 575 F.2d 952, 961 (1st Cir.) *cert. denied*, 439 U.S. 834, 99 S.Ct. 115, 58 L.Ed.2d 129 (1978). In the present case, there is substantial cause to disbelieve Burgos' alleged recantation. Burgos' testimony at trial was consistent in all ma-terial respects with the recorded conversations admitted into evidence and testimony provided by other government witnesses. As this Court explained earlier, "our review of the evidence indicates it was highly unlikely that Burgos' testimony was false. If Burgos committed perjury, then the recorded conversations of the other indicted defendants ... had to be not only false, but part of a deliberate and calculated scheme. This borders on the incredible." 798 F.2d at 29 (footnote omitted). We see no reason to disturb the district court's implicit determination that Burgos' testimony at trial was not perjured. After examining this "newly discovered evidence," we conclude that there is no abuse of discretion in the ruling of the district court.

Defendant's supplemental offer of proof regarding Burgos' alleged perjury at trial as to the nature of his plea agreement raises an issue of impeachment evidence. Though impeachment evidence may be significant in a close case, this was by no means a close case. Such evidence is deemed to be immaterial at this juncture and cannot serve as grounds for a new trial under Fed.R.Crim.P. 33.

■ Third, defendant argues that it was error for the district court not to conduct an evidentiary hearing before ruling on the post-conviction motions. A hearing is not necessary in cases where a § 2255 motion "(1) is inadequate on its face, or (2) although facially adequate, is conclusively refuted as to the alleged facts by the files and records of the case." *Moran v. Hogan*, 494 F.2d 1220, 1222 (1st Cir.1974). Defendant's request for a new trial is inadequate for two reasons: 1) Carbone has failed to make a specific offer of proof covering the subject matter of Attorney Noriega's testimony, and 2) the supplemental offer of proof refers to immaterial impeachment evidence.[1] Furthermore, the al-

---

1. We note that at the time of Carbone's initial appeal this Court mentioned the possibility of his filing a new motion in the district court "accompanied by a statement from Noriega that he is willing to testify and an offer of proof covering the subject matter of his testimony." 798 F.2d at 29. The June 25, 1987 sworn state-ment by Noriega, Burgos' former attorney, which was filed as an exhibit to defendant's § 2255 and Rule 33 motions does not provide a specific offer of proof covering the subject matter of his testimony. The statement merely provides a conclusion, which cannot serve as a basis for a hearing on the motions: "I have

legations of ineffective assistance of counsel and Burgos' perjured testimony implicating Carbone are conclusively refuted by the files and records of the case. An evidentiary hearing was, therefore, not required.

 Fourth, Carbone challenges this Court's earlier review of the audibility of the tape recordings submitted at trial as an "unauthorized evidentiary finding" by an appellate court. Defendant argues that he is entitled to a new trial on this basis. Without addressing the issue of whether defendant can properly raise such a challenge at this juncture, we fail to see any merit in defendant's argument. This Court played all of the tapes at the time of defendant's earlier appeal and concluded "that none of them were so inaudible or unintelligible as to make them more misleading than helpful." 798 F.2d at 25. Defendant had claimed, among other things, that some of the tapes were inaudible and therefore should not have been admitted into evidence. In reviewing the tapes, this Court was obviously mindful of defendant's request at that time that the Court listen to the tapes to determine whether the district court had abused its discretion in allowing the tapes to be played to the jury. Other circuits similarly have not hesitated to play such recordings in reviewing a district court's evidentiary ruling for abuse of discretion. *See, e.g., United States v. Kabot,* 295 F.2d 848, 853 (2d Cir.1961) ("This Court has listened to the recording. The recording was, however, largely unintelligible due to background noises."); *Cape v. United States,* 283 F.2d 430, 435 (9th Cir.1960) ("We have listened to the recording carefully; although some portions are unintelligible, many significant parts are not.").

*Accordingly, the district court's judgment is affirmed.*

information which, if known to the trier of fact, I believe would substantially affect and probably change the outcome of the fact-finding process." Defendant's Motions For a New Trial, Exhibit H at ¶ 2. Bald conclusions are no sub-

stitution for specific factual allegations necessary to support the applicant's claim. *Seiller v. United States,* 544 F.2d 554, 567–68 (2d Cir. 1975); *Moran v. Hogan,* 494 F.2d at 1222.