**UNITED STATES, Appellee,**

v.

**Frederick A. SMITH,
Defendant, Appellant.**

**No. 88–2182.**

United States Court of Appeals,
First Circuit.

Heard Jan. 8, 1990.

Decided March 28, 1990.

---

Barry M. Haight, with whom Buckley, Haight, Muldoon, Jubinville & Gilligan, Milton, Mass., and Dana Alan Curham, were on brief, for appellant.

Martin F. Murphy, Asst. U.S. Atty., and Wayne A. Budd, U.S. Atty., Boston, Mass., on brief, for appellee.

Before BREYER and CYR, Circuit Judges, and BOWNES, Senior Circuit Judge.

BREYER, Circuit Judge.

Frederick Smith appeals his conviction for violating the federal law that prohibits a previously convicted felon from possessing a firearm. *See* 18 U.S.C.App. § 1202(a) (repealed 1986, current version at 18 U.S.C. § 922(g)(1)). The primary evidence against him consisted of five rifles and two revolvers that state police officers said they found at his home while they were searching that home for drugs. Smith concedes that the warrant-authorized drug search was proper, but he argues that seizure of the guns, not covered in the warrant, was unlawful, and that the district court should have suppressed that evidence.

Smith's argument rests upon his claim that when the officers came across the guns they did not, in fact, immediately realize that the guns were contraband or that they constituted evidence of a crime. *See United States v. Doherty*, 867 F.2d 47, 66 (1st Cir.) (police can seize item in "plain view" only if "the evidentiary value of the item is immediately apparent"), *cert. denied*, —— U.S. ——, 109 S.Ct. 3243, 106 L.Ed.2d 590 (1989). Smith says that he showed the officers a card, called a Massachusetts Firearms Identification ("FID") card, issued by his local police department. He says that Massachusetts law permits even a previously convicted felon to possess such a card, provided that at least five years have passed since his conviction or release from custody. He concedes that such a card provides no defense to the *federal* crime of unlawful gun possession, a crime that brings virtually *all* previously convicted felons within its scope. But he says that the state police, unfamiliar with federal law, did not *realize* that he was violating federal law, that they would have assumed the card gave him the right to possess the guns, and that they thus did not believe, when they seized the guns,

that those guns had any "evidentiary value."

The record, however, provides a legally sufficient response to this argument. We agree with Smith that, at the suppression hearing, the state police officer who seized the guns, Lieutenant Murphy, provided testimony, *on direct examination,* that supports Smith's theory. He said that he knew, before seizing the guns, that Smith had a previous felony conviction and that, if Smith's FID card was valid, "he would have a right to have the weapons in the house." On *cross-examination,* however, Murphy made a different point. He said:

Q: Now, prior to July 3, 1986, had you worked with federal agents from the Bureau of Alcohol, Tobacco and Firearms before?

A: Yes, I had.

Q: And did you have any knowledge as of July 3, 1986 whether it was legal under federal law for a person who had been convicted of a felony to possess firearms?

A: Yes, I did have that knowledge.

Q: And can you tell us what your knowledge was?

A: That it was unlawful for a convicted felon to purchase firearms under the federal statute at any time.

Q: And can you tell us whether that was the basis for your decision to seize the guns from Mr. Smith's house?

A: Yes, it was.

Moreover, *on redirect,* Murphy explained his prior statement by saying that, when he seized the weapons, he thought Smith's FID card was invalid, but he was "jointly aware of the federal statute," and he seized the weapons for "a joint reason."

■ Given this testimony, the fact that Lieutenant Murphy had been a police officer for thirteen years, and the fact that he had previously worked with federal agents, the district court could have concluded that Murphy knew that federal law forbids possession of a firearm by a previously convicted felon, card or no card. We will not disturb the district court's credibility determinations. *See United States v. Gilliard,* 847 F.2d 21, 24 (1st Cir.1988), *cert. denied,*

— U.S. ——, 109 S.Ct. 846, 102 L.Ed.2d 978 (1989); *see also Anderson v. Bessemer City,* 470 U.S. 564, 575, 105 S.Ct. 1504, 1512, 84 L.Ed.2d 518 (1985) (trial judge's finding based on credibility determination "can virtually never be clear error"). We must uphold the district court's denial of the suppression motion if there is a "reasonable view of the evidence" that supports it. *United States v. Young,* 877 F.2d 1099, 1100–01 (1st Cir.1989) (quoting *United States v. Veillette,* 778 F.2d 899, 902 (1st Cir.1985), *cert. denied,* 476 U.S. 1115, 106 S.Ct. 1970, 90 L.Ed.2d 654 (1986)).

■ Appellant makes two other arguments. He says the police officers lacked evidence that the guns had traveled in interstate commerce (an element of the federal offense). But a reasonable person, knowing the size of the state, and with even the most general understanding of the workings of our national marketplace, could reasonably conclude that it was "probable" that the guns came from out of state. *See United States v. Austin,* 99 F.R.D. 292, 304–05 (W.D.Mich.1983) (fact that affidavit supporting search warrant for guns failed to indicate any nexus between guns and interstate commerce did not deprive warrant of probable cause); *United States v. Sevier,* 539 F.2d 599, 603–04 (6th Cir.1976) (same); *United States v. McShane,* 462 F.2d 5, 6 (9th Cir.1972) (one could reasonably suspect weapon had previously traveled in interstate commerce to Hawaii).

■ Smith also says that state police lacked "authority" to seize the weapon. But we are not aware of any state or federal law that *prohibits* state police from seizing a weapon, in plain view, that they reasonably believe constitutes evidence of a federal crime. That being so, we do not see how the seizure, whether or not state law specifically authorizes it, could constitute an "unreasonable" seizure of the sort the Fourth Amendment prohibits. *See United States v. Bayko,* 774 F.2d 22, 23 (1st Cir.1985) (per curiam) (affirming federal conviction where local police officer recognized defendant as a convicted felon and

"knew that in all likelihood he had no right to possess the gun"). The cases that appellant cites, involving instances where state officers (in the absence of federal assistance) lacked "probable cause," do not hold to the contrary. *See United States v. Szymkowiak*, 727 F.2d 95, 99 (6th Cir. 1984).

For these reasons the judgment of the district court is

*Affirmed.*