915 F.2d 1557
 Unpublished Disposition
NOTICE: First Circuit Local Rule 36.2(b)6 states unpublished opinions may be cited only in related cases.
William M. TYREE, Jr., Petitioner, Appellant,
v.
George VOSE, etc., Respondent, Appellee.
 No. 90-1401.
 United States Court of Appeals, First Circuit.
 Sept. 25, 1990.
 
 Appeal From The United States District Court for The District Of Massachusetts; A. David Mazzone, District Judge.
 William M. Tyree Jr., on brief pro se.
 James M. Shannon, Attorney General and Jill S. Plancher, Assistant United States Attorney, on brief, for appellee.
 D.Mass.
 AFFIRMED.
 Before BREYER, Chief Judge, and SELYA and CYR, Circuit Judge.
 CYR, Circuit Judge.
 
 
 1
 Petitioner appeals from an order of the United States District Court for the District of Massachusetts denying his petition for a writ of habeas corpus under 28 U.S.C. Sec. 2254. We affirm.
 
 I. Background
 
 2
 Petitioner William Tyree is currently serving a life sentence for the murder of his wife, Elaine Tyree. He was originally arrested for the crime in February 1979. After a probable cause hearing at the District Courthouse in Ayer, Massachusetts an indictment was issued charging Tyree with first degree murder. Later that year it was revealed that during Tyree's probable cause hearing the Ayer courthouse was under illegal electronic surveillance.
 
 
 3
 The evidence adduced at trial is set forth in detail in Commonwealth v. Tyree, 387 Mass. 191, 439 N.E.2d 263 (1982); cert. denied 459 U.S. 1175 (1983). The prosecution contended that Tyree had hired a friend, Erik Aarhus, to kill his wife Elaine Tyree. Summarizing briefly, the evidence showed that Tyree and his wife Elaine had marital and financial difficulties. Acquaintances testified that Tyree had made statements about killing his wife. Evidence further showed that Tyree had taken out several life insurance policies on his wife which would benefit him upon her death. The day before the murder, Tyree met with Erik Aarhus to "negotiate." The next morning Tyree left the apartment and went to the military base where he worked. Shortly thereafter a neighbor heard screams coming from the Tyree apartment and police responded to her alarm. The police entered the apartment and found Elaine Tyree's body. She had received multiple stab wounds and her throat was cut. The police seized certain items from the apartment, and took photographs of the crime scene, including Elaine Tyree's body. No search warrant was ever obtained.
 
 
 4
 After his wife's death, Tyree attempted to fasten blame on Aarhus. He had a friend call in a tip to the police, and Tyree himself told the police where the murder weapon could be located. Finally there is a long letter, possibly written by Tyree, which describes the murder in vivid detail. Based on this evidence Tyree was convicted of first degree murder and sentenced to life in prison. His conviction was affirmed by the Supreme Judicial Court in 1982. Commonwealth v. Tyree, 387 Mass. 191, 439 N.E.2d 263 (1982); cert. denied 459 U.S. 1175 (1983).
 
 
 5
 Prior to the dismissal of his appeal in 1982, Tyree filed a civil suit against Massachusetts State Police Officers Patrick Keane and Roderick Hendrigan. See Tyree v. Keane, 400 Mass. 1, 507 N.E.2d 742 (1987). He claimed that the officers violated his federal and state civil and common law rights by illegally searching his apartment and removing items without a warrant. The jury returned a verdict for Hendrigan, and against Keane. The Supreme Judicial Court affirmed the verdict against Keane with respect to invasion of privacy and trespass but remanded for a new trial with respect to the federal civil rights claims. Id. at 3.
 
 
 6
 In 1985 Tyree filed a motion for a new trial in Middlesex Superior Court pursuant to Mass.R.Crim.P. 30(b). While the new trial motion was pending Tyree filed a petition for a state writ of habeas corpus in which he alleged, inter alia, that his trial counsel was ineffective and the electronic bugging of the Ayer District Court during his probable cause hearing denied him a fair trial.
 
 
 7
 In March, 1987 the motion for a new trial was denied. In October 1987, Tyree filed an application in the Supreme Judicial Court of Massachusetts for leave to appeal the denial of the motion for a new trial. While the application was pending Tyree filed a petition for writ of habeas corpus in the United States District Court for the District of Massachusetts. The District Court dismissed the petition as unexhausted. On August 21, 1989 a single justice of the Supreme Judicial Court denied Tyree's application for leave to appeal the denial of his new trial motion. On October 6, 1989 this court ruled that in light of the denial of the application for leave to appeal "state remedies arguably may have now been exhausted."
 
 
 8
 Respondent again moved to dismiss the petition on exhaustion grounds in January 1990. However the district court concluded that although petitioner had not exhausted his claim of ineffective assistance of counsel, petitioner would be procedurally barred from raising those claims in the state court. Accordingly, under the authority of Castilles v. Peoples, 489 U.S. 346 (1989), the district court reached the merits of the petition. Respondent does not dispute the district court's exhaustion ruling in this appeal.
 
 
 9
 The district court dismissed Tyree's petition on the merits without an evidentiary hearing, apparently pursuant to 28 U.S.C. Sec. 2254 Rule 4. The court concluded that petitioner had failed to adduce any evidence that his attorney was incompetent or that he was prejudiced at trial in any way by his attorney's failure to object to the admission evidence found in the apartment. Tyree appeals the district court's order denying his petition and argues that he is entitled to an evidentiary hearing pursuant to Townsend v. Sain, 372 U.S. 293 (1962) and 28 U.S.C. Sec. 2254 Rule 8.
 
 II. Discussion
 
 10
 28 U.S.C. Sec. 2254(a) authorizes habeas petitions only where the petitioner is "in custody in violation of the Constitution or laws or treaties of the United States." 28 U.S.C. Sec. 2254 Rule 4 permits the district court to dismiss a petition if it "plainly appears from the face of the petition and any exhibits annexed to it that the petitioner is not entitled to relief in the district court ..."
 
 
 11
 Tyree has raised constitutional claims as required by Sec. 2254(a). Basically he alleges that his Sixth Amendment right to effective assistance of counsel was violated. See Strickland v. Washington, 466 U.S. 668, 686 (1984). In order to prevail on these claims, Tyree must make two showings. First, he must establish that "counsel's performance was deficient. This requires showing that counsel made errors so serious that counsel was not functioning as the 'counsel' guaranteed the defendant by the Sixth Amendment." Id. at 687. The reviewing court must "indulge a strong presumption that counsel's conduct falls within the wide range of reasonable professional assistance." Id. at 689. As this circuit has explained, Tyree must show that "his attorney's performance fell below an objective standard of reasonableness." United States v. Carbone, 880 F.2d 1500, 1501 (1st Cir.1989). Second, Tyree must show that the deficient performance "prejudiced the defense" and that "counsel's errors were so serious as to deprive the defendant of a fair trial, a trial whose result is reliable." Strickland, 466 U.S. at 687. See also United States v. Carbone, 880 F.2d at 1501.
 
 
 12
 Tyree's first claim is that his trial attorney should have objected to the admission of all the evidence found at or resulting from the crime scene. The evidence Tyree objects to includes photographs of the scene (including the victim's body), the coat the victim was wearing, a death certificate, a photo of Tyree and Aarhus together and two letters which Tyree apparently wrote.
 
 
 13
 Counsel's decision not to object to the admission of this evidence "falls within the wide range of reasonable professional conduct." Strickland, 466 U.S. at 689. The police entry into the apartment was almost certainly justified by exigent circumstances. Obviously, since Elaine Tyree was screaming there was a "compelling necessity for immediate action" and awaiting a warrant would have been unreasonable. United States v. Gerry, 845 F.2d 34, 36 (1st Cir.1988); United States v. Adams, 621 F.2d 41, 44 (1st Cir.1980). Once legitimately in the apartment, the police could legally seize any items in plain view, including Elaine Tyree's body. United States v. Smith, 899 F.2d 116, 117 (1st Cir.1990) (can seize weapons in plain view); United States v. Gillenwaters, 890 F.2d 679, 682 (4th Cir.1989) (police responding to emergency call can question victim and seize evidence in plain view).
 
 
 14
 Tyree cites Mincey v. Arizona, 437 U.S. 385 (1978) for the proposition that there is no generalized right to search a crime scene without a warrant. This is indubitably correct. Id. at 395. However, Mincey leaves unaffected the right to seize items in plain view during the course "of legitimate emergency activities." Id. at 393. Therefore, counsel did not have a strong fourth amendment basis for objecting to any evidence in plain view, most importantly Elaine Tyree's body and the coat she was wearing. Consequently we cannot say the decision not to object was unreasonable.
 
 
 15
 It is unclear whether the two letters and the photograph of Tyree and Aarhus drinking beer together were in plain view. However Tyree has not shown that their exclusion would have changed the outcome of his trial. One letter indicated that Tyree wanted to break up his marriage. The second discussed how Tyree was "picking up" women, his job and other irrelevant personal details. While the letters are relevant to Tyree's state of mind, there were other sources of the same information. Evidence showed that Tyree had a financial motive for wanting his wife dead, he had spoken with friends about bringing about his wife's death, he had recruited Aarhus to kill her, he had tried to fasten blame on Aarhus and he created an alibi for himself during the crucial period. Other evidence also connected Tyree to Aarhus, particularly testimony of witnesses that the two drove off together to "negotiate" the day before the crime. Thus, even if the two letters and the photo were excluded there is no reason to think the outcome of the trial would have been different.
 
 
 16
 Finally Tyree argues that since a civil jury found Officer Keane liable for trespass and invasion of privacy, this shows his trial counsel was ineffective. See Tyree v. Keane, 400 Mass. 1, 507 N.E.2d 742 (1987). However, the only items which were ultimately used in the trial and to which Tyree objected in his civil suit were the two letters discussed above. Tyree, 400 Mass. at 4. As noted, excluding these letters would not have affected the outcome of the criminal proceedings. The mere fact that Tyree had a civil remedy against the Officer Keane does not speak to the overall reliability of his criminal trial. Strickland v. Washington, 466 U.S. 668, 687 (1984).
 
 
 17
 Tyree also claims that his attorney's failure to object to the bugging of the Ayer courthouse was incompetent and resulted in prejudice. However, Tyree points to no information obtained through the electronic surveillance that was used at, or in any way affected, his trial, the relevant proceeding in this case. Strickland, 466 U.S. at 687. In fact, Tyree never identifies which specific pieces of evidence were objectionable. Given this paucity of information, we cannot say that trial counsel was unreasonable in failing to object to the bugging.
 
 III. Conclusion
 
 18
 For the foregoing reasons the district court's dismissal of Tyree's petition is AFFIRMED.