57 F.3d 1069
NOTICE: Sixth Circuit Rule 24(c) states that citation of unpublished dispositions is disfavored except for establishing res judicata, estoppel, or the law of the case and requires service of copies of cited unpublished dispositions of the Sixth Circuit.
 George ALBERT, Petitioner-Appellant,
v.
UNITED STATES of America, Respondent-Appellee.
 No. 94-2281.
 United States Court of Appeals, Sixth Circuit.
 June 2, 1995.
 
 Before: JONES, GUY and BOGGS, Circuit Judges.
 
 ORDER
 
 1
 George Albert, a pro se federal prisoner, appeals a district court order and judgment denying his motion to vacate, set aside, or correct his sentence filed under 28 U.S.C. Sec. 2255. The case has been referred to a panel of the court pursuant to Rule 9(a), Rules of the Sixth Circuit. Upon examination, this panel unanimously agrees that oral argument is not needed. Fed. R. App. P. 34(a).
 
 
 2
 On October 27, 1992, Albert pleaded guilty to one count of distributing oxycodone, which is a Schedule II controlled substance and the active ingredient in Percocet tablets, pursuant to a Rule 11 plea agreement. The plea agreement also provided that the government would dismiss two other counts, that the drug weight to be used in calculating Albert's base offense level was approximately 201 grams of oxycodone, and that Albert was entitled to a two-level decrease in offense level for acceptance of responsibility. The district court accepted Albert's guilty plea and sentenced him on February 18, 1993, to 51 months in prison and four years of supervised release. Albert's direct appeal was voluntarily dismissed.
 
 
 3
 In his motion to vacate, Albert presented two grounds for relief: (1) he received ineffective assistance of counsel during the plea proceedings, and (2) he was denied due process when the district court accepted his guilty plea. A magistrate judge recommended that the motion be denied in a report filed on April 28, 1994, after concluding that counsel rendered effective assistance and Albert had failed to show that the plea hearing was anything but full and thorough. Albert filed objections, but the district court adopted the magistrate judge's recommendation and denied Albert's Sec. 2255 motion in an order and separate judgment filed on October 24 and entered on October 25, 1994.
 
 
 4
 On appeal, Albert argues that: (1) the district court erred in deciding his ineffective assistance of counsel issue without a hearing, (2) counsel was ineffective in failing to explore a possible entrapment defense, and (3) his offense level was erroneously calculated by including the weight of drugs for which he had valid prescriptions.
 
 
 5
 Upon review, we affirm the district court's judgment because an evidentiary hearing was unnecessary in this case, counsel was not ineffective in advising Albert to plead guilty rather than attempt an entrapment defense, and Albert has not established cause and prejudice for his failure to raise his sentencing guidelines issue on direct appeal.
 
 
 6
 In order to obtain relief under Sec. 2255 on the basis of a constitutional error, the record must reflect an error of constitutional magnitude which had a substantial and injurious effect or influence on the proceedings. See Brecht v. Abrahamson, 113 S. Ct. 1710, 1722 (1993); see also Singleton v. United States, 26 F.3d 233, 236-37 & n.9 (1st Cir.), cert. denied, 115 S. Ct. 517 (1994) (applying Brecht to a Sec. 2255 motion to vacate). In order to obtain relief under Sec. 2255 on the basis of a nonconstitutional error, a movant must show a fundamental defect in the proceedings that inherently resulted in a complete miscarriage of justice or an omission inconsistent with the rudimentary demands of fair procedure. Reed v. Farley, 114 S. Ct. 2291, 2300 (1994); United States v. Todaro, 982 F.2d 1025, 1028 (6th Cir.), cert. denied, 113 S. Ct. 2424 (1993).
 
 
 7
 Albert does not raise the issue relating to his guilty plea on appeal. Therefore, it is considered to be abandoned and is not reviewable. See Boyd v. Ford Motor Co., 948 F.2d 283, 284 (6th Cir. 1991), cert. denied, 503 U.S. 939 (1992).
 
 
 8
 The district court did not err by not holding an evidentiary hearing in this case. The record of this case conclusively shows that Albert is not entitled to relief for the reasons set forth below. See United States v. Carbone, 880 F.2d 1500, 1502 (1st Cir. 1989), cert. denied, 493 U.S. 1078 (1990).
 
 
 9
 To establish ineffective assistance of counsel, Albert must show that (1) his attorney's performance was, under all of the circumstances, unreasonable under prevailing professional norms; and (2) there is a "reasonable probability that, but for counsel's unprofessional errors, the result would have been different." Strickland v. Washington, 466 U.S. 668, 687-94 (1984). Normally, in a guilty plea context, the movant must satisfy the prejudice prong of this test by showing that, were it not for counsel's errors, he would not have pleaded but would have insisted upon going to trial. Hill v. Lockhart, 474 U.S. 52, 59 (1985). Upon examination of the record in this case, we conclude that Albert has failed to satisfy the Strickland test for the reasons stated by the district court.
 
 
 10
 Because Albert could have raised his drug quantity issue on direct appeal, he may not raise it in a Sec. 2255 motion unless he demonstrates cause and prejudice to excuse his failure to raise it earlier. See United States v. Frady, 456 U.S. 152, 167-69 (1982); Ratliff v. United States, 999 F.2d 1023, 1025 (6th Cir. 1993). We need not discuss the question of cause because Albert was not prejudiced by any failure to raise this meritless issue previously.
 
 
 11
 Accordingly, the district court's judgment, entered on October 25, 1994, is affirmed. Rule 9(b)(3), Rules of the Sixth Circuit.