82 F.3d 418
 NOTICE: Sixth Circuit Rule 24(c) states that citation of unpublished dispositions is disfavored except for establishing res judicata, estoppel, or the law of the case and requires service of copies of cited unpublished dispositions of the Sixth Circuit.
Luis PENA, Petitioner-Appellant,
v.
UNITED STATES of America, Respondent-Appellee.
 No. 95-1719.
 United States Court of Appeals, Sixth Circuit.
 April 17, 1996.
 
 1
 Before: SUHRHEINRICH and SILER, Circuit Judges, and EDMUNDS, District Judge.*
 
 ORDER
 
 2
 This is an appeal from a judgment dismissing a motion to vacate sentence filed pursuant to 28 U.S.C. § 2255. This case has been referred to a panel of the court pursuant to Rule 9(a), Rules of the Sixth Circuit. Upon examination, this panel unanimously agrees that oral argument is not needed. Fed.R.App.P. 34(a).
 
 
 3
 In 1992, Luis Pena was convicted after a guilty plea of conspiracy to possess with intent to distribute and distribution of marijuana, in violation of 21 U.S.C. §§ 846, 841(a)(1), and 841(b)(1)(B), and sentenced to a 71 month term of incarceration. Pena did not take a direct appeal.
 
 
 4
 In 1995, Pena filed a motion to vacate sentence in which he challenged the constitutionality of his conviction and guideline sentence. The district court sua sponte dismissed the motion in a summary order. This appeal followed. The parties have briefed the issues; Pena is proceeding without benefit of counsel.
 
 
 5
 An examination of the record and law reflects that the district court did not err in summarily denying the motion and that the grounds raised do not present a fundamental defect in the proceedings that resulted in a complete miscarriage of justice or an error so egregious that it amounts to a violation of due process. United States v. Todaro, 982 F.2d 1025, 1028 (6th Cir.) (per curiam), cert. denied, 113 S.Ct. 2424 (1993).
 
 
 6
 In 1991 Pena, along with nine others, was named in a 32-count indictment in connection with an extensive marijuana distribution scheme. Pena eventually entered into an agreement in which he would plead guilty to one count of conspiracy to possess and distribute marijuana. The parties agreed that the appropriate base offense level should be 26 and the government agreed not to oppose reducing the base offense level by two levels should Pena qualify for an acceptance of responsibility reduction under United States Sentencing Commission, Guidelines Manual, § 3E1.1 (Nov. 1991).
 
 
 7
 The district court accepted Pena's plea and a pre-sentence report was prepared. The recommended sentencing range was 63-78 months based on a final base offense level of 24 and a criminal history category of III. Pena disputed the criminal history computation, through his attorney, and the court conducted an impromptu hearing on the matter at sentencing. The court found that Pena's objection was well made and accordingly sentenced him using a criminal history category of II. The result was a sentencing range of 57-71 months (erroneously noted as 63-78 months in the judgment and commitment order) and the court proceeded to sentence Pena to a 71 month term of imprisonment. Pena did not pursue a direct appeal from this decision even after being specifically advised of his right to do so.
 
 
 8
 In 1995, Pena filed the present motion to vacate sentence. Pena raised the following grounds for relief: 1) he was sentenced on the basis of inaccurate information concerning the quantity of drugs for which he could be held accountable; 2) there were several alleged violations of Fed.R.Crim.P. 32; and 3) ineffective assistance of counsel. The district court sua sponte entered an order dismissing the motion. On appeal, Pena asserts that the district court erred in summarily dismissing the motion and in finding that Pena was not entitled to relief on his claims of ineffective assistance of counsel and sentencing issues.
 
 
 9
 The court renders de novo review of decisions granting or denying relief under 28 U.S.C. § 2255, and reviews a district court's findings of fact for clear error. Cardinal v. United States, 954 F.2d 359, 362 (6th Cir.1992). A district court's decision to dismiss the motion without first conducting an evidentiary hearing will not be disturbed where the motion is inadequate on its face or, although facially adequate, is conclusively refuted by the files and records of the case. United States v. Carbone, 880 F.2d 1500, 1502 (1st Cir.1989), cert. denied, 493 U.S. 1078 (1990). In the case at bar, the record and law support the district court's sua sponte dismissal of the motion to vacate.
 
 
 10
 Pena maintains that he is entitled to collateral relief as the district court clearly sentenced him on the basis of inaccurate information, i.e., criminal history, drug quantity. It is initially noted that there is nothing in the record to demonstrate why Pena did not take a direct appeal from his conviction based on a counsel-aided guilty plea agreement to challenge the sentence when he clearly was on notice that this avenue was open to him nor is there any excuse offered for this failure. It is clear that a § 2255 motion to vacate will not serve as a substitute for a direct appeal. Claims that could have been raised on direct appeal but were not will not be entertained in a § 2255 proceeding unless the petitioner demonstrates cause for his previous omission and prejudice resulting therefrom. United States v. Frady, 456 U.S. 152, 167-69 (1982); Ratliff v. United States, 999 F.2d 1023, 1025 (6th Cir.1993). Pena's only explanation for his failure to contest these issues on direct appeal when he could have done so is ineffective assistance of counsel. Although this cause and prejudice analysis will not ordinarily operate to preclude consideration of an ineffective assistance of counsel claim, see, e.g., United States v. Goodlett, 3 F.3d 976, 980 (6th Cir.1993), it will operate to preclude consideration of the issues if Pena does not articulate a colorable claim of constitutionally deficient counsel.
 
 
 11
 Pena did not set forth a constitutionally cognizable claim of ineffective assistance of trial counsel. One seeking relief on the basis of ineffective assistance of counsel bears the burden of showing that his attorney was so deficient as not to be functioning as counsel under the Sixth Amendment and that prejudice resulted to a degree that the petitioner was deprived of a fair trial. Strickland v. Washington, 466 U.S. 668, 686-87 (1984). In the context of a guilty plea, the resulting prejudice must amount to a showing that, but for counsel's errors, the petitioner would not have pleaded guilty but would have insisted on going to trial. Hill v. Lockhart, 474 U.S. 52, 58-59 (1985).
 
 
 12
 It is plain that Pena cannot meet any aspect of the Strickland/Hill test. The record reflects that Pena, given every opportunity to voice his objections or concerns over the drug quantity used, affirmatively ratified the amount proposed. The record also shows that Pena's counsel did contest those items included in Pena's criminal history calculation that he felt were excludable and was, in fact, successful in having Pena's criminal history category reduced from III to II. Pena has simply not set forth any allegation which would call into question the constitutionality of his counsel-aided guilty plea and conviction and subsequent sentence. The appeal lacks merit.
 
 
 13
 Accordingly, the district court's judgment is affirmed. Rule 9(b)(3), Rules of the Sixth Circuit.
 
 
 
 *
 The Honorable Nancy G. Edmunds, United States District Judge for the Eastern District of Michigan, sitting by designation