56 F.3d 65
NOTICE: Sixth Circuit Rule 24(c) states that citation of unpublished dispositions is disfavored except for establishing res judicata, estoppel, or the law of the case and requires service of copies of cited unpublished dispositions of the Sixth Circuit.
 Perry F. NEAL, Petitioner-Appellant,
v.
UNITED STATES of America, Respondent-Appellee.
 No. 94-2416.
 United States Court of Appeals, Sixth Circuit.
 May 30, 1995.
 
 1
 Before: MILBURN and BATCHELDER, Circuit Judges, and TODD, District Judge.*
 
 ORDER
 
 2
 Perry F. Neal, a pro se federal prisoner, appeals a district court judgment dismissing his motion to vacate, set aside, or correct his sentence filed under 28 U.S.C. Sec. 2255. The case has been referred to a panel of the court pursuant to Rule 9(a), Rules of the Sixth Circuit. Upon examination, this panel unanimously agrees that oral argument is not needed. Fed. R. App. P. 34(a).
 
 
 3
 In September 1991, Neal pleaded guilty to one count of conspiracy to possess with intent to distribute and to distribute cocaine, in violation of 21 U.S.C. Secs. 841(a)(1) and 846. The district court sentenced Neal to 84 months in prison and five years of supervised release, in accordance with a Fed. R. Crim. P. 11 plea agreement and a government motion for downward departure pursuant to USSG Sec. 5K1.1. Neal did not take a direct appeal.
 
 
 4
 In his motion to vacate and his "First Amended Motion," Neal presented the following grounds for relief: (1) his guilty plea was involuntary because he did not understand the nature of the charges or the consequences of the plea, (2) he received ineffective assistance of counsel during the plea and sentencing proceedings, (3) the district court erred by relying on hearsay to establish the quantity of drugs attributable to Neal, (4) the hearsay contained in the presentence investigation report was not subjected to meaningful confrontation, (5) he should have received an offense level reduction for mitigating role in the offense, and (6) the district court erred in enhancing his offense level for obstruction of justice.
 
 
 5
 The district court denied Neal's Sec. 2255 motion in an opinion and judgment filed on November 30 and entered on December 5, 1994. The court concluded that Neal had not demonstrated cause and prejudice to excuse his failure to raise his sentencing issues in a direct appeal, his due process issues were either unsupported by the record or expressly waived during his plea proceedings, and counsel's efforts in getting Neal's sentence reduced from a possible 188 months to 84 months in light of the strength of the government's case were professionally reasonable and constituted effective assistance.
 
 
 6
 On appeal, Neal continues to argue the merits of his grounds for relief except for that relating to mitigating role. He further asserts that counsel's ineffective assistance was the cause for his procedural default and that his due process claims required an evidentiary hearing. He requests leave to proceed in forma pauperis on appeal.
 
 
 7
 Upon review, we affirm the district court's judgment because an evidentiary hearing was not required in this case, counsel rendered effective assistance, and Neal has not demonstrated cause and prejudice for his failure to raise his sentencing issues on direct appeal.
 
 
 8
 In order to obtain relief under Sec. 2255 on the basis of a constitutional error, the record must reflect an error of constitutional magnitude which had a substantial and injurious effect or influence on the proceedings. See Brecht v. Abrahamson, 113 S. Ct. 1710, 1722 (1993); see also Singleton v. United States, 26 F.3d 233, 236-37 & n.9 (1st Cir.), cert. denied, 115 S. Ct. 517 (1994) (applying Brecht to a Sec. 2255 motion to vacate). In order to obtain relief under Sec. 2255 on the basis of a nonconstitutional error, a movant must show a fundamental defect in the proceedings that inherently resulted in a complete miscarriage of justice or an omission inconsistent with the rudimentary demands of fair procedure. Reed v. Farley, 114 S. Ct. 2291, 2300 (1994); United States v. Todaro, 982 F.2d 1025, 1028 (6th Cir.) (per curiam), cert. denied, 113 S. Ct. 2424 (1993).
 
 
 9
 Neal does not raise his issue regarding his supposed mitigating role in the offense on appeal. Therefore, it is considered to be abandoned and is not reviewable. See Boyd v. Ford Motor Co., 948 F.2d 283, 284 (6th Cir. 1991), cert. denied, 503 U.S. 939 (1992).
 
 
 10
 The district court did not err by not holding an evidentiary hearing in this case. Such a hearing is unnecessary where the motion to vacate is inadequate on its face or, although facially adequate, is conclusively refuted by the files and records of the case. United States v. Carbone, 880 F.2d 1500, 1502 (1st Cir. 1989), cert. denied, 493 U.S. 1078 (1990). In this case, the same judge who presided over Neal's plea and sentencing proceedings considered his motion to vacate. She "was therefore in a position to recall the facts and circumstances surrounding the plea after consulting the record" and was able to decide that the record conclusively showed that Neal was not entitled to relief. See Baker v. United States, 781 F.2d 85, 92 (6th Cir.), cert. denied, 479 U.S. 1017 (1986).
 
 
 11
 Neal's remaining grounds for relief are meritless for the reasons stated by the district court.
 
 
 12
 Accordingly, we grant Neal's motion for in forma pauperis status for the purpose of this review only. The district court's judgment, entered on December 5, 1994, is affirmed. Rule 9(b)(3), Rules of the Sixth Circuit.
 
 
 
 *
 The Honorable James D. Todd, United States District Judge for the Western District of Tennessee, sitting by designation