**UNITED STATES of America**

v.

**Jeffrey J. HARRIS, Defendant.**

**Crim. No. 91–35 (CRR).**

United States District Court, D. Columbia.

July 28, 1995.

Jeffrey Harris, pro se.

Rachel Pierson, U.S. Atty's. Office, Washington, DC, Bruce Edward Yannett, Debevoise & Plimpton, New York City, for U.S.

## MEMORANDUM OPINION

CHARLES R. RICHEY, District Judge.

Before the Court in the above-entitled case is the Defendant's Motion to Vacate, Set Aside and/or Modify his Sentence and the Government's Opposition thereto. Upon careful consideration of the parties' pleadings, the entire record herein, and the law applicable thereto, the Court shall deny the Defendant's Motions.

## I. BACKGROUND

The Defendant, an inmate at the FPC Cumberland in Cumberland, Maryland pursuant to his conviction on narcotics-related offenses, files the instant Motion *pro se* claiming that his sentence is unconstitutional. Briefly, the circumstances surrounding the Defendant's conviction and sentencing are as follows.

On January 29, 1991, a federal grand jury returned a six-count indictment charging the Defendant with two counts of unlawful distribution of 100 Grams or more of phencyclidine (PCP), one count of distribution of one kilogram or more of PCP, and three other related counts. On the day of trial, April 10, 1991, the Defendant pleaded guilty to all six counts. The Defendant was thereafter sentenced by this Court to a term of 121 months of imprisonment. The Defendant did not appeal his sentence. A co-defendant, Desi Green, stood trial and was convicted on one count of distribution of PCP. Green was sentenced to a term of 163 months of imprisonment.

Now, four years later, the Defendant challenges his sentence, asserting that he was denied effective assistance of counsel. He asserts five separate arguments. The Defendant's first two claims relate to his plea of guilty. The Defendant claims that his counsel committed error by improperly advising him to plead guilty to the entire indictment without investigating the facts surrounding his status as a "mule" and failing to advise him of the sentence he would be exposed to should he plead guilty to all of the offenses charged in the indictment.

The Defendant's other claims relate to his sentencing. He claims that his counsel committed error by failing to present mitigating circumstances to undermine the Government's position at sentencing; failing to proffer to the Court the Defendant's role as "mule," and failing to proffer to the Court that the Defendant's crimes were singular acts of aberrant behavior justifying a departure from the Sentencing Guidelines.

The Defendant's contentions are belied by the record. After Counsel for the Government gave a statement of the evidence that it would have proffered had the case gone to

trial, the Court, as part of its Fed.R.Crim.P. 11 colloquy, inquired of the Defendant:

The Court: Mr. Harris, do you have anything you wish to add or correct concerning the statement of evidence just made by the Assistant United States Attorney, Robert Walker?

Mr. Harris: No, Your Honor.

The Court: Then I take it you understood everything just stated to the court and that it is true and correct.

Mr. Harris: Yes, Your Honor.

Transcript of Guilty Plea Proceedings ("Tr.") at 16 (April 10, 1991). The Court further inquired:

The Court: .... Are you entering your plea of guilty to each of these crimes and in each of these counts of this indictment knowingly, freely, [and] voluntarily ... because you are guilty in fact, and for no other reason?

Mr. Harris: Yes, Your Honor.

The Court: Have you discussed the entry of this plea of guilty to each of these crimes in this indictment fully and completely with your attorney, Mr. Seltzer?

Mr. Harris: Yes, Your Honor.

The Court: Are you fully and completely satisfied with his services as your attorney and counselor-at-law in connection with this case?

Mr. Harris: Yes, Your Honor.

Tr. at 26. Notwithstanding the clarity of the record to the contrary, the Defendant now challenges the effectiveness of his counsel's performance. The Government, in its Opposition, argues that the Motion is patently frivolous, that counsel was effectively rendered and that, regardless, the Defendant admitted his guilt when faced with overwhelming evidence. Government's Opposition to Defendant's Motion (filed May 12, 1995).

## II. DISCUSSION

### A. The Court finds wholly without merit the Defendant's ineffective assistance of counsel claims.

■ In order to gain relief in a collateral challenge under 28 U.S.C. § 2255, a movant must show "a good deal more than would be sufficient on a direct appeal from his sentence." *United States v. Pollard,* 959 F.2d 1011, 1020 (D.C.Cir.1992). Relief is warranted only if the Court determines that "the challenged sentence resulted from 'a fundamental defect which inherently results in a complete miscarriage of justice, or an omission inconsistent with the rudimentary demands of fair procedure.'" *Id.* (quoting Fed. R.Crim.P. 32, Advisory Committee's Note on 1983 Amendment) (internal quotations omitted). Because the Court finds the Defendant's Sixth Amendment claims totally without merit, the Court shall deny the Defendant's Motion.

### 1. The Defendant's claims regarding his plea.

■ The Defendant claims that his counsel failed to conduct an investigation regarding the Defendant's role in the offenses charged in the indictment prior to advising him to enter a guilty plea to all of the offenses charged therein. The Defendant also contends that his counsel failed to adequately inform him of the potential sentence he would face by pleading guilty to all of the counts in the indictment. Maintaining that these alleged omissions constituted ineffective assistance of counsel within the meaning of the Sixth Amendment, the Defendant seeks to have the Court vacate or modify his sentence. Because the record clearly indicates that the Defendant entered a voluntary, intelligent, and knowing plea, that the Defendant was a participant in all of the offenses charged in the indictment, and that he was informed of the potential sentence he was facing, the Defendant fails to establish that he was prejudiced by the alleged omissions of his counsel. Accordingly, the Court finds that the Defendant's claims regarding his plea without merit.

■ In *Hill v. Lockhart,* 474 U.S. 52, 106 S.Ct. 366, 88 L.Ed.2d 203 (1985), the Supreme Court applied to the guilty plea context the two-part test for determining ineffective assistance counsel that it had previously announced in *Strickland v. Washington,* 466 U.S. 668, 104 S.Ct. 2052, 80 L.Ed.2d 674 (1984). *See Hill,* 474 U.S. at 58, 106

S.Ct. at 370; *United States v. Loughery,* 908 F.2d 1014, 1018 (D.C.Cir.1990). The *Hill–Strickland* test requires the Defendant to show both that counsel's advice was not "within the range of competence demanded of attorneys in criminal cases," *Hill,* 474 U.S. at 56, 106 S.Ct. at 369 (quoting *McMann v. Richardson,* 397 U.S. 759, 771, 90 S.Ct. 1441, 1449, 25 L.Ed.2d 763 (1970)), and that as a result he was prejudiced, i.e. "there is a reasonable probability that, but for counsel's errors, he would not have pleaded guilty and would have insisted on going to trial." *Hill,* 474 U.S. at 59, 106 S.Ct. at 370.

■ As the United States Court of Appeals for the District of Columbia Circuit has observed, "a defendant must make more than a bare allegation that he 'would have pleaded differently and gone to trial.'" *United States v. Horne,* 987 F.2d 833, 835–36 (D.C.Cir.1993), *cert. denied,* —— U.S. ——, 114 S.Ct. 153, 126 L.Ed.2d 115 (1993) (quoting) *Key v. United States,* 806 F.2d 133, 139 (7th Cir.1986)); *cf. United States v. Cray,* 47 F.3d 1203, 1206–08 (D.C.Cir.1995) (noting that starting point for court passing on request to withdraw plea is assessment of whether plea was taken in compliance with FED.R.CRIM.P. 11 and that reviewing courts will be reluctant to reverse refusal of such absent showing of error under Rule 11). The Court finds that the Defendant fails to establish that he was prejudiced by his counsel's alleged omissions. The Court accordingly need not address the question whether his counsel's performance was within the range of competence demanded of attorneys in criminal cases. *See Strickland,* 466 U.S. at 697, 104 S.Ct. at 2069 ("there is no reason for a court deciding an ineffective assistance claim to approach the inquiry in the same order or even to address both components of the inquiry if the defendant makes an insufficient showing on one").

The Defendant first alleges that his "[c]ounsel ... improperly advis[ed] [him] to plea[d] guilty without conducting the necessary pre-trial investigation of the facts, surrounding defendant's status as a 'mule,' in order to make an informed and intelligent decision before advising the appellant to plea to the entire indictment without concessions from the government." Defendant's Motion at ¶ 12A. Defendant's allegation is baseless.

As a threshold matter, the Defendant does not claim that, but for his attorney's failure to investigate his status as a mule, he would not have pleaded guilty. Thus, the Defendant fails to satisfy the prejudice prong of *Strickland,* i.e., the Defendant fails to allege, much less establish, that he was prejudiced by his counsel's alleged omission. *See United States v. Thompson,* 27 F.3d 671, 675 (D.C.Cir.1994) (defendant must show *"not only* that the performance of counsel was 'deficient' *but also* that it caused prejudice." (quoting *Strickland,* 466 U.S. at 694, 104 S.Ct. at 2068)) (emphasis added).

Moreover, during the plea colloquy, the Defendant admitted that he had committed each of the offenses charged in the indictment, *see* Tr. at 5, and he has never repudiated those sworn admissions nor has he previously claimed to have any defense to the charges to which he pled guilty. *See Horne,* 987 F.2d at 836. Now that he has apparently thought matters through more carefully, however, the Defendant maintains that he must be relieved of the consequences of his former admissions. However, the Defendant's arguments appear to be "founded on little more than a reevaluation of the strength of the government's case and his own chances for mounting a successful defense." *United States v. Abreu,* 964 F.2d 16, 20 (D.C.Cir.1992) (per curiam). And that kind of explanation is not sufficient to compel the Court to permit withdrawal of the plea. *See, e.g., United States v. Daniel,* 866 F.2d 749, 752 (5th Cir.1989).

The resolution of the prejudice inquiry is closely related to the objective prediction of whether the Defendant could prevail if the case went to trial. *See Hill,* 474 U.S. at 59–60, 106 S.Ct. at 370–71. "Even prior to *Hill,* [courts in the District of Columbia] required a colorable claim of innocence to justify vacating a plea on ineffective assistance of counsel grounds." *United States v. Del Rosario,* Crim. No. 86–356–01, slip op. at 10–11 (D.D.C. Nov. 28, 1988) (citing *United States v. Barker,* 514 F.2d 208, 211 (D.C.Cir.) (en banc), *cert. denied,* 421 U.S. 1013, 95 S.Ct. 2420, 44 L.Ed.2d 682 (1975)), *aff'd.,* 902 F.2d

55 (D.C.Cir.), *cert. denied,* 498 U.S. 942, 111 S.Ct. 352, 112 L.Ed.2d 316 (1990).

■ The transcript of the plea proceeding discloses that a colloquy occurred in the Defendant's presence among the trial judge, the prosecutor, and the Defendant's counsel concerning the Defendant's involvement in the offenses charged in the indictment. *See* Tr. at 5–16. Pursuant to that colloquy, the Defendant admitted that he was guilty of all of the offenses charged therein. The Defendant does not now allege that he is innocent of the offenses charged in the indictment, only that the entry of a plea of guilty to an "entire indictment [is] in this day and time virtually unheard of. . . ." Motion, at 5. This argument is simply an insufficient basis upon which to find that the Defendant's counsel was ineffective within the meaning of the Sixth Amendment. *See Abreu,* 964 F.2d at 20.

As the Defendant has failed to establish that he was prejudiced by his counsel's alleged failure to investigate his "mule" status, the Court need not address the question whether his plea was within the range of competence demanded of attorneys in criminal cases. *See Strickland,* 466 U.S. at 697, 104 S.Ct. at 2069–70. However, the Court observes that counsel's decision not to investigate was patently reasonable because there was no indication that the Defendant could have been considered a "mule." The evidence pertaining to the Defendant's role in the three drug transactions presented at the trial of Desi Green and at the guilty plea proceedings was substantial. *See* Tr. at 11–16. Indeed, when interviewed during the presentence investigation, Mr. Harris admitted that on more than one occasion he arranged for the sale of PCP. *See* Presentence Investigation Report ("PSR") (dated May 10, 1991) at ¶ 5; Receipt and Acknowledgment of Presentence Investigation Report (filed June 13, 1991). The Defendant's role in the drug transactions plainly went beyond that of a drug courier. Therefore, the decision of Defendant's attorney not to conduct an investigation into the Defendant's status as a "mule" in the face of contradictory information from his client was reasonable. *United States v. Decoster,* 624 F.2d 196, 209 (D.C.Cir.1976) ("Judicial intervention to require that a lawyer run beyond, or around, his client, would raise ticklish questions of intrusion into the attorney-client relationship. . . .").

■ The Defendant's claim regarding the alleged failure of his counsel to inform his of the potential sentence he was facing suffers from similar deficiencies. The transcript of the plea proceeding discloses that, as part of the Rule 11 colloquy, the Defendant was clearly informed of the respective sentences for the offenses charged therein. *See* Tr. at 17–26. The Defendant was apprised of the maximum penalties for the crimes to which he was entering a plea of guilty. *Id.* at 17–25.

■ Further, the Defendant "has offered nothing to suggest that he would have succeeded if he had gone to trial, and indeed 'the "overwhelming" evidence suggests that [the Defendant's] decision to plead guilty was a rational choice.'" *Horne,* 987 F.2d at 836 (quoting *Lopez–Nieves v. United States,* 917 F.2d 645, 650 (1st Cir.1990) (dictum)). Notably, the Defendant waited four years to assert the instant claims. As the United States Court of Appeals for the District of Columbia Circuit has observed:

A swift change of heart is itself strong indication that the plea was entered in haste and confusion; furthermore, withdrawal shortly after the event will rarely prejudice the Government's legitimate interests. By contrast, if the defendant has long delayed his withdrawal motion, and has had the full benefit of competent counsel at all times, the reasons given to support withdrawal must have considerably more force.

*Barker,* 514 F.2d at 222. It is apparent, therefore, that, like the appellant in *Horne,* the Defendant wants to withdraw his guilty plea solely in order to strike a better deal with the Government. The constitutional requirement of effective assistance of counsel is intended, however, to guarantee a fair disposition of a defendant's case, not to ensure that he or she is able to drive the hardest possible plea bargain with the Government. *See Fields v. Attorney General of Md.,* 956

F.2d 1290, 1298 (4th Cir.1992); *see also United States v. Abreu,* 964 F.2d at 20 ("A simple shift in tactics or change of heart is not an adequate reason to force the government to incur the expense, difficulty, and risk of trying a defendant who has already voluntarily and intelligently waived his right to a trial. More must be shown.").

■ Moreover, "[m]isinformation from a defendant's attorney, such as an incorrect estimate of the offense severity rating, standing alone does not constitute ineffective assistance of counsel. *Barker v. United States,* 7 F.3d 629, 633 (7th Cir.1993), *cert. denied,* — U.S. ——, 114 S.Ct. 939, 127 L.Ed.2d 229 (1994); *see United States v. Rubalcaba,* 811 F.2d 491, 494 (9th Cir.1987) (ineffective assistance of counsel claim failed because even if attorney misinformed defendant regarding consecutive versus concurrent aspect of sentence, the district court adequately informed defendant of the maximum possible penalty), *cert. denied,* 484 U.S. 832, 108 S.Ct. 107, 98 L.Ed.2d 66 (1987); *cf. Del Rosario,* 902 F.2d at 59 (holding counsel's failure to advise of collateral consequences of guilty plea cannot rise to Sixth Amendment violation).

Because the record demonstrates that Defendant entered a voluntary, intelligent, and knowing plea, that the Defendant was a participant in all of the offenses charged in the indictment, and that he was informed of the potential sentence he was facing, the Defendant fails to establish that he was prejudiced by the alleged omissions of his counsel. Accordingly, the Court finds the Defendant's claims regarding his plea without merit.

### 2. The Defendant's claims regarding his sentence.

The Defendant claims that his counsel failed to present mitigating circumstances to undermine the Government's position at sentencing, to proffer to the Court the Defendant's role as "mule," and to argue that his crimes were singular acts of aberrant behavior justifying departure from the Sentencing Guidelines. Because the Defendant's allegations are belied by the record and fail to establish that he was prejudiced by the alleged omissions of his counsel, the Court finds the Defendant's arguments totally without merit.

■ The United States Court of Appeals for the District of Columbia Circuit has repeatedly acknowledged that defendants are constitutionally entitled to the effective assistance of counsel at sentencing. *United States v. Pinkney,* 551 F.2d 1241, 1248 (D.C.Cir.1976) (citing cases). To establish an ineffective assistance of counsel claim in the sentencing context, a defendant must show (1) that "counsel's representation fell below an objective standard of reasonableness;" and (2) that "there is a reasonable probability that, but for counsel's unprofessional errors, the result of the proceeding would have been different." *Strickland,* 466 U.S. at 687–94, 104 S.Ct. at 2064–68. *See, e.g., United States v. Loughery,* 908 F.2d 1014, 1018 (D.C.Cir. 1990); *United States v. Green,* 680 F.2d 183, 189 (D.C.Cir.1982). A reasonable probability is "a probability sufficient to undermine confidence in the outcome." *Strickland,* 466 U.S. at 694, 104 S.Ct. at 2068; *United States v. Thompson,* 27 F.3d 671, 675 (D.C.Cir. 1994).

The Defendant claims that he was "prejudiced ... by [his counsel's] relinquish[ment of] his duty to perform as an adversary of the government, by presenting mitigating circumstances sufficient to undermin[e] the government's position." Defendant's Motion at ¶ 12B. The breadth of Defendant's statement renders it difficult to discern the precise nature of his challenge regarding mitigating circumstances. The Defendant fails to assert any particular mitigating circumstances that would have warranted a downward departure, nor can the Court discern any potentially applicable mitigating circumstances from the record. Accordingly, the Defendant's argument is baseless.

The record does indicate that the Defendant's counsel requested a downward departure based on the Defendant's "excellent military service record." *See* Defendant's Sentencing Memorandum (filed June 12, 1991) at 1. Although such a proffer did not present a "mitigating circumstance" within the purview of the Guidelines, the Court considered the proffer when it imposed sentence. Notwithstanding its merits, such proffer indicates that counsel for the Defendant did not es-

chew his role as advocate on behalf of his client as the Defendant's allegations suggest.

The Defendant also claims that the alleged failure of his counsel

> to proffer to the court the defendant's role as a 'mule' in this drug distribution offense [constituted ineffective assistance of counsel] because had counsel done so, he would have found that there exist [sic] a circumstance to a kind or degree not adequately taken into consideration by the U.S. Sentencing Commission during formulation of the U.S.S.G. [C]ounsel's failure to present this mitigating factor during sentencing prejudiced the defendant by having him receive more time that he might have if this ground was properly raised.

Defendant's Motion at ¶ 12C. Consistent with the liberal treatment afforded *pro se* litigants, the Court assumes that the Defendant means that he was a "minimal participant" acting as a courier in the drug distribution offense. *See Neal v. Kelly,* 963 F.2d 453, 456 (D.C.Cir.1992); U.S.S.G. § 3B1.2.

The law in this Circuit is clear that even if the Defendant was acting as a courier, he could not receive an adjustment for being a minimal or minor participant unless the offense is in the nature of a larger joint enterprise, such as a conspiracy. *United States v. Olibrices,* 979 F.2d 1557, 1559 (D.C.Cir.1992) (defendant not entitled to sentence reduction for minimal role in larger conspiracy, for which she was not charged, when larger offense not taken into account in setting base level for sentence). The Defendant was charged with and pled guilty to distribution of PCP and related offenses, not a conspiracy. Thus, the failure of Defendant's counsel to proffer that the Defendant was a "mule" was reasonable and caused no prejudice with respect to the Defendant's sentence. Accordingly, the Defendant's contention that such an omission constituted ineffective assistance of counsel is without merit.

Finally, the Defendant claims that his counsel allegedly

> failed to review the Sentencing Guidelines manual with regards [sic] to U.S.S.G. Chapter 1, Part A, paragraph 4(b) Proba-

> tion and Split Sentences (Policy Statement) where the Court would consider ('Single Acts of Aberrant behavior still may justify probation at higher offense levels through departure.'); therefore prejudicing the defendant in that all defendant's legitimate arguments were not properly before the court.

Defendant's Motion at ¶ 12D. The Defendant's argument is inapposite.

As the PSR correctly points out, the Defendant was ineligible for probation under the Uniform Guidelines and barred from probation by statute. *See* PSR ¶¶ 37, 38. Because the argument the Defendant proffers in support of this claim would have been improper to raise at sentencing, the failure of counsel to make the argument does not constitute ineffective assistance of counsel. *See United States v. Debango,* 780 F.2d 81, 85 n. 2 (D.C.Cir.1986) (because proposed jury instructions would have been problematic, failure of trial counsel to request them did not constitute violation of prevailing professional norms).

Further, the Defendant's counsel did proffer to the Court the information that this was the Defendant's first arrest. The Defendant's Sentencing Memorandum states in pertinent part:

> In the event the Court declines to exercise its discretion to depart downward, the defendant requests that he be sentenced to the bottom of the guideline range. This is defendant's first arrest, and he has zero criminal history points, placing him at the bottom of the criminal history category I.

Defendant's Sentencing Memorandum at p. 3. This factor was duly considered by the Court in determining an appropriate sentence; the Defendant received a term of imprisonment of only 121 months, one month more than the mandatory minimum.

**B. An Evidentiary Hearing Is Not Necessary Because the Defendant Clearly Is Not Entitled To Relief.**

The Defendant requests an evidentiary hearing. However, upon careful review of the Defendant's Motion, the Government's Opposition, and the record in this case, the Court has concluded that the Defendant is

not entitled to any relief and that an evidentiary hearing is therefore unnecessary.

The Court, having presided over the Defendant's plea and sentencing proceedings, is "in a position to recall the facts and circumstances surrounding the plea after consulting the record and [is] able to decide that the record conclusively show[s] that [the Defendant is] not entitled to relief." *Neal v. United States*, No. 94–73095, 1995 WL 325716 at *2 (6th Cir.1995) (internal quotations omitted); *see Baker v. United States*, 781 F.2d 85, 92 (6th Cir.), *cert. denied*, 479 U.S. 1017, 107 S.Ct. 667, 93 L.Ed.2d 719 (1986). The Court accordingly finds that there is no need for an evidentiary hearing in this case.[1] *See, e.g., United States v. Lam Kwong–Wah*, 924 F.2d 298, 309 (D.C.Cir.1991) (upholding trial court decision to rule on claims of ineffective assistance of counsel without evidentiary hearing); *United States v. Poston*, 902 F.2d 90 (D.C.Cir.1990) ("This court has never held that any claim of ineffective assistance of counsel, no matter how conclusory or meritless, automatically entitles a party to an evidentiary remand.") (citing cases); *see also United States v. Pollard*, 959 F.2d at 1030–31 ("only where the § 2255 motion raises 'detailed and specific' factual allegations whose resolution requires information outside of the record or the judge's 'personal knowledge or recollection' must a hearing be held." (quoting *Machibroda v. United States*, 368 U.S. 487, 495, 82 S.Ct. 510, 514, 7 L.Ed.2d 473 (1962)); *United States v. Green*, 680 F.2d 183, 190 (D.C.Cir.1982).

### III. CONCLUSION

In sum, considering the clear import of the record, the Court finds that each of the Defendant's five claims do not have merit. Accordingly, the Court shall not disturb the sentence properly imposed on the Defendant. The Court reaches this conclusion upon finding that the Defendant's claims are not credible, and that, had the Defendant gone to trial, he would likely have been convicted of all of the counts charged in the indictment. *See United States v. Quin*, 836 F.2d 654, 656 (1st Cir.1988) (affirming denial of § 2255 motion upon finding protestations of innocence not credible); *cf. United States v. Gavilan*, 761 F.2d 226 (5th Cir.1985) (affirming denial of § 2255 motion for lack of claim of innocence or allegation defendant would have pled differently).

Therefore, upon consideration of the Defendant's Motion, the Government's Opposition, the applicable law, and the entire record herein, the Court shall deny the Defendants' Motion to Vacate, Set Aside or Modify Sentence. Because it plainly appears that the Defendant is not entitled to any relief, an evidentiary hearing is unnecessary. The Court shall issue an Order of even date herewith consistent with the foregoing Memorandum Opinion.

---

1. Section 2255 reads in pertinent part: "Unless the motion and the files and records of the case conclusively show that the prisoner is entitled to no relief, the court shall ... grant a prompt hearing thereon." 28 U.S.C. § 2255.

Moreover, the Rules Governing Proceedings in the United States District Courts Under Section 2255 states:

The motion taken together with all the files, records, transcripts, and correspondence relating to the judgment under attack, shall be examined promptly by the judge to whom it is assigned. If it plainly appears in the case that the movant is not entitled to relief in the district court, the judge shall make an order for its summary dismissal and cause the movant to be notified.

Rules Governing Proceedings in the United States District Courts Under Section 2255 Rule 4(b). *See also Thomas v. United States*, 27 F.3d 321, 326 (8th Cir.1994) (applying § 2255 and Rule 4(b) and finding no abuse of discretion in summary dismissal without hearing).