**UNITED STATES of America, Appellee,**

v.

**James H. ABERNATHY, Defendant, Appellant.**

No. 95–1720.

United States Court of Appeals, First Circuit.

Heard April 3, 1996.

Decided April 30, 1996.

Edward F. Grourke with whom Finan & Grourke, Pawtucket, RI, was on brief for appellant.

Sheldon Whitehouse, United States Attorney, for appellee.

Before SELYA, Circuit Judge, ALDRICH, Senior Circuit Judge, and STAHL, Circuit Judge.

BAILEY ALDRICH, Senior Circuit Judge.

James H. Abernathy, driving a Massachusetts registered car in Providence, Rhode Island, was stopped by two policemen, one of whom, when he peered into defendant's vehicle, observed the butt of a .45 caliber Colt semi-automatic pistol sticking out from under the driver's seat. Indicted as a result, defendant initially pleaded guilty to two counts: Count I, as a convicted felon carrying a firearm that had been in interstate commerce, in violation of 18 U.S.C. § 922(g)(1); Count II, carrying an arm that had been in interstate commerce with an obliterated serial number, in violation of 18 U.S.C. § 922(k). Defendant was sentenced to 110 months imprisonment followed by three years supervised release on Count I, and to a concurrent 60 months imprisonment on Count II. Over one year later, upon defendant's motion, the entire sentence was vacated in order to reinstate his right to pursue a direct appeal, which had been dismissed for want of prosecution. Thereafter, prior to resentencing, defendant moved to withdraw his plea. The court denied the motion and resentenced defendant to the original terms. This appeal ensued, raising the following points: (1) the lawfulness of the stop; (2) whether defendant

should have been allowed to withdraw his pleas on both counts; and (3) the constitutionality of the statutes proscribing his conduct. We affirm on (1) and (3). On (2) we reverse and vacate the sentence with respect to Count II.

### The Arrest

■ The officers were in an unmarked car, in plain clothes. Some of the evidence might support defendant's claim that this was an unlawful investigatory stop. Ample evidence, however, supports the district court's finding of a justified traffic violation stop, including testimony that defendant travelled in the wrong lane of traffic and then ran a stop sign. No purpose would be served in discussing the district court's careful analysis and reasonable credibility resolutions. The fact that the officers were on an undercover investigatory narcotics detail does not mean that they could not lawfully make a proper traffic stop.

### Withdrawal of the Plea

■ Withdrawal of a guilty plea prior to sentencing may be granted for "fair and just reason." *See* Fed.R.Crim.P. 32(e) (1994); *United States v. Cotal–Crespo*, 47 F.3d 1, 3 (1st Cir.), *cert. denied,* —— U.S. ——, 116 S.Ct. 94, 133 L.Ed.2d 49 (1995). After sentencing, the defendant must show a defect attending the plea that amounts to a "miscarriage of justice," or "an omission inconsistent with the rudimentary demands of fair procedure." *United States v. Lopez–Pineda*, 55 F.3d 693, 697 (1st Cir.) (internal quotations omitted), *cert. denied,* —— U.S. ——, 116 S.Ct. 259, 133 L.Ed.2d 183 (1995). Although the United States attaches great significance to the category to which defendant ought to be assigned, whether defendant's plea was knowing and voluntary within the meaning of Criminal Rule 11 is the most significant fac-

tor under either standard. *United States v. Allard,* 926 F.2d 1237, 1243 (1st Cir.1991).

■ With respect to Count I this is a routine case—the court was well warranted in finding no misunderstanding of the charge by defendant, nor was there any other flaw in the plea proceedings. Fed.R.Crim.P. 11(a)–(f).

■ There is a serious question, however, with respect to Count II. From the record, it appears that the court, as well as counsel for both the government and the defendant, understood that the government was not obliged to establish actual knowledge on defendant's part that the serial number had been obliterated at the time of his possession,[1] and communicated this misunderstanding to the defendant. We find this failure to apprise defendant of the elements of the charge fundamentally inconsistent with fair procedure in an acceptance of plea proceeding. As the record contains strong support for defendant's claim that he lacked knowledge of the obliteration—at the very least it does not establish otherwise—we cannot say the error was harmless. *Compare United States v. Ferguson,* 60 F.3d 1, 4 (1st Cir.1995). *See* Fed.R.Crim.P. 11(h). It follows that defendant has a right to withdraw his plea on Count II.

■ Defendant's tangential suggestion that the court's imposition of a two-level enhancement to his offense level based on the obliteration also requires reversal ignores the fact that this enhancement explicitly applies "whether or not the defendant knew or had reason to believe that the firearm ... had an altered or obliterated serial number." USSG § 2K2.1(b)(4), comment. (n. 19). *See United States v. Schnell,* 982 F.2d 216, 220–21 (7th Cir.1992); *United States v. Williams,* 49 F.3d 92, 93 (2nd Cir.1995).

---

**1.** While, regrettably, some of our prior cases seem unclear, *cf. United States v. Chapdelaine,* 989 F.2d 28, 33 (1st Cir.1993), *cert. denied,* —— U.S. ——, 114 S.Ct. 696, 126 L.Ed.2d 663 (1994), *United States v. Smith,* 940 F.2d 710, 713 (1st Cir.1991), it is indisputable that actual knowledge has been a necessary element of the crime at least since passage of the Firearms Owners' Protection Act, Pub.L. No. 99–308, § 104, 100

Stat. 456, 456 (1986), which modified the attendant penalty provision to require *knowing* violation of § 922(k) in order for criminal sanctions to attach. 18 U.S.C. § 924(a)(1)(B). *See United States v. Hooker,* 997 F.2d 67, 72 (5th Cir.1993); *United States v. Haynes,* 16 F.3d 29, 34 (2nd Cir.1994). *See also United States v. De Leon Ruiz,* 47 F.3d 452, 454 (1st Cir.1995); *United States v. Lanoue,* 71 F.3d 966, 983 (1st Cir.1995).

Having in mind that the 60–month sentence imposed on Count II was to be served concurrently with the 110 month sentence on Count I, the government has suggested that there may be possible advantages to defendant in not withdrawing the plea. This question is for defendant to determine when returned to the district court, and we express no opinion.

### Constitutionality of the Statutes

■ We have recently considered and rejected similar arguments to those raised by defendant challenging the power of Congress under the Commerce Clause to enact the statutes underlying the charges against him, in light of the Supreme Court's ruling in *United States v. Lopez,* —— U.S. ——, 115 S.Ct. 1624, 131 L.Ed.2d 626 (1995). *See United States v. Bennett,* 75 F.3d 40, 49 (1st Cir.1996) (challenge to constitutionality of 18 U.S.C. § 922(g)(1) is "hopeless"); *United States v. Diaz–Martinez,* 71 F.3d 946, 953 (1st Cir.1995) (*Lopez* does not invalidate 18 U.S.C. § 922(k)).

*Affirmed* in part, *reversed* in part, and *remanded.*