**UNPUBLISHED**

**UNITED STATES COURT OF APPEALS**

**FOR THE FOURTH CIRCUIT**

UNITED STATES OF AMERICA,
<u>Plaintiff-Appellee,</u>

v.                                                                      No. 95-5550

BRIAN KEITH CLONTZ,
<u>Defendant-Appellant.</u>

Appeal from the United States District Court
for the Middle District of North Carolina, at Rockingham.
James A. Beaty, Jr., District Judge.
(CR-94-274)

Submitted: September 10, 1996

Decided: September 23, 1996

Before ERVIN, WILLIAMS, and MICHAEL, Circuit Judges.

_____

Affirmed by unpublished per curiam opinion.

_____

**COUNSEL**

Thomas N. Cochran, Assistant Federal Public Defender, Greensboro,
North Carolina, for Appellant. Walter C. Holton, Jr., United States
Attorney, Clifton T. Barrett, Assistant United States Attorney,
Greensboro, North Carolina, for Appellee.

_____

Unpublished opinions are not binding precedent in this circuit. See
Local Rule 36(c).

**OPINION**

PER CURIAM:

Brian Keith Clontz, who was convicted of possession of a firearm by a convicted felon in violation of 18 U.S.C.A.§ 922(g) (West Supp. 1996), attacks the constitutionality of his conviction on the ground that Congress lacked power under the Commerce Clause to pass § 922(g). In support of this proposition, Clontz relies upon the recent Supreme Court decision in United States v. Lopez , ___ U.S. ___, 63 U.S.L.W. 4343 (U.S. Apr. 26, 1995) (No. 93-1260).

In Lopez, the Supreme Court invalidated 18 U.S.C. § 922(q)(1)(A) (1988 & Supp. V 1993) (current version at 18 U.S.C.A. § 922(q) (West Supp. 1996)), a provision in the Gun-Free School Zones Act of 1990, making possession of a firearm within 1000 feet of a school a federal offense. 63 U.S.L.W. at 4346-47. The Court struck down the conviction in part because the statute "contains no jurisdictional element which would ensure, through case-by-case inquiry, that the firearm possession in question affects interstate commerce." Id. at 4347.

Unlike the statute at issue in Lopez, there is a jurisdictional element in § 922(g). Section 922(g) requires that possession of the firearm affect or have a link with interstate commerce. Lopez noted with approval the nexus requirement found in the former 18 U.S.C. § 1202(a), the statute on which § 922(g) is patterned. 63 U.S.L.W. at 4347. Therefore, we agree with other circuits that have addressed this issue, finding that Lopez did not invalidate§ 922(g). See United States v. Abernathy, 83 F.3d 17, 20 (1st Cir. 1996); United States v. Bell, 70 F.3d 495, 497 (7th Cir. 1995); United States v. Bolton, 68 F.3d 396, 400 (10th Cir. 1995); United States v. Mosby, 60 F.3d 454, 456 n.3 (8th Cir. 1995), cert. denied, #6D 6D6D# U.S. ___, 64 U.S.L.W. 3558 (U.S. Feb. 20, 1996) (No. 95-7083); United States v. Hanna, 55 F.3d 1456, 1462 (9th Cir. 1995).

We therefore affirm the district court's judgment.* We dispense
_____
*Clontz was also convicted of theft of government property under 18 U.S.C.A. § 641 (West Supp. 1996). He does not challenge that conviction on appeal.

2

with oral argument because the facts and legal contentions are adequately presented in the materials before the court and argument would not aid the decisional process.

AFFIRMED