**UNPUBLISHED**

**UNITED STATES COURT OF APPEALS**

**FOR THE FOURTH CIRCUIT**

UNITED STATES OF AMERICA,
Plaintiff-Appellee,

v.                                                          No. 96-4767

RODNEY EUGENE LEAK,
Defendant-Appellant.

Appeal from the United States District Court
for the Middle District of North Carolina, at Durham.
N. Carlton Tilley, Jr., District Judge.
(CR-96-43)

Submitted: May 20, 1997

Decided: June 13, 1997

Before MURNAGHAN, WILKINS, and HAMILTON,
Circuit Judges.

_____

Affirmed by unpublished per curiam opinion.

_____

**COUNSEL**

William E. Martin, Federal Public Defender, Eric D. Placke, Assistant
Federal Public Defender, Greensboro, North Carolina, for Appellant.
Walter C. Holton, Jr., United States Attorney, Timika Shafeek, Assis-
tant United States Attorney, Greensboro, North Carolina, for Appel-
lee.

_____

Unpublished opinions are not binding precedent in this circuit. See Local Rule 36(c).

_____

**OPINION**

PER CURIAM:

Rodney Eugene Leak appeals his conviction, after a guilty plea, for possession of a firearm by a convicted felon in violation of 18 U.S.C. § 922(g) (1994). He was sentenced to 180 months imprisonment, the lowest sentence in the applicable guidelines range. In his plea agreement he reserved the right to challenge the constitutionality of § 922(g), contending that the statute violates the Commerce Clause. Finding no error, we affirm.

This court has rejected the argument that 18 U.S.C.§ 922(g) violates the Commerce Clause. In United States v. Wells, 98 F.3d 808, 811 (4th Cir. 1996), this court held that, unlike the Gun Free School Zone statute at issue in United States v. Lopez , 514 U.S. 549 (1995), the felon-in-possession statute requires the government to prove a nexus between the firearm and interstate commerce. Thus, the statute is constitutional.

Leak's counsel recognizes that his claim is precluded by Wells. However, he urges this court to hear this case in banc with a view toward overruling Wells. Every court considering the constitutionality of § 922(g) has found that it passes constitutional muster. See, e.g., United States v. Gateward, 84 F.3d 670, 671-72 (3d Cir. 1996), cert. denied, 117 S. Ct. 268 (1996); United States v. Abernathy, 83 F.3d 17, 20 (1st Cir. 1996); United States v. Spires, 79 F.3d 464, 466 (5th Cir. 1996); United States v. Turner, 77 F.3d 887, 889 (6th Cir. 1996); United States v. McAllister, 77 F.3d 387, 390 (11th Cir. 1996), cert. denied, 117 S. Ct. 262 (1996); United States v. Sorrentino, 72 F.3d 294, 296-97 (2d Cir. 1995); United States v. Bolton, 68 F.3d 396, 400 (10th Cir. 1995), cert. denied, 116 S. Ct. 966 (1996); United States v. Shelton, 66 F.3d 991, 992 (8th Cir. 1995) (per curiam), cert. denied, 116 S. Ct. 1364 (1996); United States v. Hanna , 55 F.3d 1456, 1461-62 & n.2 (9th Cir. 1995). Further, the Supreme Court has rejected a

2

Commerce Clause challenge to the predecessor statute to § 922(g). Scarborough v. United States, 431 U.S. 563, 575 (1977). Thus, an in banc hearing is not warranted.

Leak's pro se challenges are also meritless. He claims that the search of his sister's home, where the gun was found, was improper, and that he was essentially powerless to avoid violating the statute. Leak's voluntary guilty plea waived all antecedent, non-jurisdictional errors. Tollett v. Henderson, 411 U.S. 258 (1973). Because the facts underlying these challenges were known to Leak before he entered his plea, and because the challenges do not call into question the trial court's jurisdiction, these claims are foreclosed by his plea.

Our review of the entire record, including transcripts of the plea hearing and sentencing hearing, reveals no other potentially meritorious issues for appeal. The district court conducted a plea hearing in accordance with Fed. R. Crim. P. 11. During the hearing, the court inquired as to Leak's competence and his understanding of the proceedings. The court ensured that Leak understood the charges against him, the penalties he faced, and his rights to a jury trial, assistance of counsel, and to testify on his own behalf. Further, the court asked Leak whether he was satisfied with his counsel, and Leak said that he was satisfied. The court also determined that there was a factual basis for the plea.

The sentencing transcript reveals that Leak reviewed the presentence report with his attorney, and he did not object to anything in the report. The district court offered Leak the opportunity for allocution at sentencing and Leak apologized for his offense. The court sentenced Leak to the lowest sentence within the properly-calculated guidelines range, and his sentence was dictated by a statutory mandatory minimum. Leak's guilty plea was knowing and voluntary and he was properly sentenced.

We affirm Leak's conviction. We deny without prejudice counsel's motion to withdraw at this stage of the proceedings. This court requires counsel to inform his client, in writing, of his right to petition the Supreme Court of the United States for further review. If the client requests that a certiorari petition be filed, but counsel believes that such a petition would be frivolous, counsel may then move in this

3

court for leave to withdraw from representation. Counsel's motion must state that a copy thereof was served on his client. We dispense with oral argument because the facts and legal contentions are adequately presented in the materials before the court and argument would not significantly aid the decisional process.

AFFIRMED

4