**UNPUBLISHED**

**UNITED STATES COURT OF APPEALS**

**FOR THE FOURTH CIRCUIT**

UNITED STATES OF AMERICA,
Plaintiff-Appellee,

v.                                                          No. 96-4581

ANDRE R. SMITH, a/k/a Erco,
Defendant-Appellant.

Appeal from the United States District Court
for the Eastern District of Virginia, at Richmond.
James R. Spencer, District Judge.
(CR-94-79)

Submitted: August 22, 1997

Decided: September 4, 1997

Before HAMILTON, WILLIAMS, and MOTZ, Circuit Judges.

_____

Affirmed unpublished per curiam opinion.

_____

**COUNSEL**

David Preston Baugh, Richmond, Virginia, for Appellant. Helen F.
Fahey, United States Attorney, M. Hannah Lauck, Assistant United
States Attorney, Richmond, Virginia, for Appellee.

_____

Unpublished opinions are not binding precedent in this circuit. See
Local Rule 36(c).

_____

**OPINION**

PER CURIAM:

Andre R. Smith pled guilty to conspiracy to distribute and to possess with intent to distribute cocaine base and heroin, 21 U.S.C. § 846 (1994), money laundering, 18 U.S.C.A. §§ 2, 1956(a)(1)(B)(i) (West 1994 & Supp. 1997), and using or carrying a firearm during and in relation to a drug trafficking crime, 18 U.S.C.A.§ 924(c) (West Supp. 1997). In his plea agreement, Smith acknowledged that he could not withdraw his plea based on the sentence he received. The plea agreement incorporated a Statement of Facts in which Smith acknowledged that he conspired "to distribute in excess of one and one half kilograms of cocaine base (`crack')." The plea agreement further stated that Smith "adopts the Statement of Facts and agrees that the facts therein are accurate in every respect and that had the matter proceeded to trial, the United States would have proved those facts beyond a reasonable doubt." Smith also waived the right to appeal his sentence and the waiver provision was brought to his attention by the district court during the guilty plea colloquy.

At Smith's first sentencing in July 1996, the district court departed downward based on a proposed amendment to the sentencing guidelines for crack offenses. See U.S. Sentencing Guidelines Manual, § 2D1.1 (1995). The government appealed the departure. We vacated the sentence and remanded for resentencing without the departure. See United States v. Smith, No. 95-5462 (4th Cir. May 23, 1996) (unpublished).

Before he was resentenced, Smith filed a sentencing memorandum in which he asserted that the government had not proved that the substance for which he was charged and convicted was crack. He pointed out that the term "crack" is described in the applicable guideline as a mixture of cocaine hydrochloride and sodium bicarbonate (baking soda).[1] Smith argued that, without evidence of whether the "rock"

_____

[1] Section 2D1.1 provides:"`Cocaine base,' for the purposes of this guideline, means `crack.' `Crack' is the street name for a form of cocaine base, usually prepared by processing cocaine hydrochloride and sodium bicarbonate, and usually appearing in a lumpy, rocklike form." U.S.S.G. § 2D1.1(c), n.*(D).

2

cocaine he conspired to distribute was prepared with sodium bicarbonate or by some other means, he should be sentenced using the penalties for powder cocaine. During the resentencing hearing, Smith's attorney proffered that Smith had not cooked the rock cocaine he sold, implying that the ingredients were unknown. He stated at one point that, if the plea agreement had resulted from a mutual mistake about what the government would have to prove to show that Smith's offense involved crack, that portion of the agreement was void and, if it could not be renegotiated, the agreement was off. The attorney volunteered that he might have been ineffective in failing to advise Smith that the government would have to prove the method of cooking the substance he had sold. The district court rejected Smith's argument, finding that the stipulation in the Statement of Facts made it "crystal clear" that the offense involved crack. The court imposed a sentence of 210 months, the bottom of the guideline range. Smith now appeals his conviction,[2] arguing that the district court should have voided the plea agreement.

Federal Rule of Criminal Procedure 32(e) permits withdrawal of a guilty plea after sentencing only on direct appeal or pursuant to a motion under 28 U.S.C.A. § 2255 (West 1994 & Supp. 1997). The defendant must show that withdrawal of the plea is necessary to correct a miscarriage of justice. See United States v. Davis, 954 F.2d 182, 184 (4th Cir. 1992). The government contends that Smith's attempt to void his plea agreement at the resentencing hearing was precluded by Fed. R. Crim. P. 32(e) because he did not challenge the agreement in a cross-appeal after he was first sentenced. Arguably, the district court only could have allowed Smith to withdraw his plea by construing his challenge to the validity of the plea agreement as a § 2255 motion. "To prevail under § 2255 the defendant must show that the plea proceeding was tainted by `a fundamental defect which inherently results in a complete miscarriage of justice' or `an omission inconsistent with the rudimentary demands of fair procedure.'" See United States v. Farley, 72 F.3d 158, 162 (D.C. Cir. 1995) (quoting Hill v. United States, 368 U.S. 424, 428 (1962)). Nevertheless, we

_____

**2** Smith states that he is also appealing his sentence; however, he argues only that the plea agreement is void or voidable. In any case, we do not have jurisdiction to review the sentence because Smith made a valid waiver of his right to appeal it.

3

reach the issue before us in this appeal from resentencing because Smith would be entitled to withdraw his plea if he were able to show that his plea was fatally defective. See United States v. Abernathy, 83 F.3d 17, 19 (1st Cir. 1996) (under either standard, most significant factor is whether plea was knowing and voluntary).

We find that Smith fails to make the necessary showing. The sentencing guidelines distinguish "crack," the lumpy, rock-like form of cocaine base, from other forms of cocaine base such as coca paste. U.S.S.G. App. C, amd. 487. The government was not required to prove that the crack Smith sold was prepared with sodium bicarbonate. Consequently, Smith's plea agreement was not based on a material mistake and is not void.

Accordingly, we affirm the conviction. We dispense with oral argument because the facts and legal contentions are adequately presented in the materials before the court and argument would not aid the decisional process.

AFFIRMED

4