**UNITED STATES of America,
Plaintiff–Appellee,**

v.

**Shawn PERCIVAL, Defendant–
Appellant.**

**No. 01–2418.**

United States Court of Appeals,
Sixth Circuit.

Nov. 5, 2002.

Before MERRITT and GILMAN, Circuit Judges, and TARNOW,* District Judge.

MERRITT, Circuit Judge.

Defendant Shawn Percival appeals the judgment of conviction entered upon his plea of guilty to possession of a firearm with an obliterated serial number. The parties have expressly waived oral argument. Upon examination, this panel unanimously agrees that oral argument is not needed. *See* Fed. R.App. P. 34(a).

Percival was indicted for distributing cocaine base in violation of 21 U.S.C. § 841(a)(1) and possessing a firearm from which the manufacturer's serial number had been obliterated in violation of 18 U.S.C. § 922(k).[2] Pursuant to a negotiated plea agreement, Percival pled guilty to the firearm offense. In exchange for Percival's guilty plea, the government dismissed the cocaine offense. The district court accepted Percival's guilty plea and sentenced him to sixty months of imprisonment and three years of supervised release. On appeal, Percival argues that the district court failed to ascertain that a sufficient factual basis supported his guilty plea.

Rule 11(f) of the Federal Rules of Criminal Procedure provides: "Notwithstanding the acceptance of a plea of guilty, the court should not enter a judgment upon such plea without making such inquiry as shall satisfy it that there is a factual basis for the plea." Although Rule 11(f) does not provide any guidance concerning the

---

* The Honorable Arthur J. Tarnow, United States District Judge for the Eastern District of Michigan, sitting by designation.

**2.** 18 U.S.C. § 922(k) states in relevant part: "It shall be unlawful for any person knowing-ly ... to possess or receive any firearm which has had the importer's or manufacturer's serial number removed, obliterated, or altered and has, at any time, been shipped or transported in interstate or foreign commerce."

steps a district court should take to ensure that a factual basis exists, "the need to have some factual basis [is] subject to no exceptions." *United States v. Tunning*, 69 F.3d 107, 111 (6th Cir.1995) (internal citations omitted). "[T]he lack of a sufficient factual basis for a plea [under Rule 11(f) ] can never be harmless error." *United States v. Williams*, 176 F.3d 301, 313 (6th Cir.1999).

To prove a violation of 18 U.S.C. § 922(k), the government must prove (1) knowing possession; (2) of a firearm; (3) that traveled in interstate or foreign commerce. *See* 18 U.S.C. § 922(k). The government acknowledges that there is a scienter element for the offense, and this conclusion is supported by the findings of several other circuit courts. *See, e.g., United States v. Abernathy*, 83 F.3d 17, 19 & n. 1 (1st Cir.1996); *United States v. Haynes*, 16 F.3d 29, 33–34 (2d Cir.1994); *United States v. Hooker*, 997 F.2d 67, 74 (5th Cir.1993). The government argues, however, that there was sufficient evidence at the plea hearing to support a finding that Percival knew that the serial number was obliterated. This assertion is not well taken.

At Percival's change of plea hearing, the following exchange constituted the entire discussion regarding Percival's state of mind:

THE COURT: Tell me about the serial number on this gun.

DEFENDANT: I had no idea that the serial numbers was (sic) obliterated off the gun, Your Honor.

THE COURT: Were they obliterated?

DEFENDANT: Yes, Your Honor.

Although a factual basis for a plea of guilty may be obtained from a number of sources, *see United States v. Goldberg*, 862 F.2d 101, 105 (6th Cir.1988), in this case no other facts were adduced reflecting wheth-er Percival knew or reasonably should have known the serial number was obliterated. Contrary to the government's assertion that Percival "equivocated" when asked about his knowledge of the obliterated serial number, the record shows that the district court addressed two distinct areas of inquiry—whether Percival knew that the serial number was obliterated and whether the serial number was in fact obliterated.

Upon review, we conclude that the district court failed to ascertain that a sufficient factual basis supported Percival's guilty plea. Accordingly, we vacate Percival's conviction and remand the case for further proceedings. The government must establish a factual basis for all the elements necessary to prove a violation of 18 U.S.C. § 922(k) or the district court may not accept Percival's plea.