<u>**UNPUBLISHED**</u>

UNITED STATES COURT OF APPEALS
FOR THE FOURTH CIRCUIT

**No. 08-4762**

UNITED STATES OF AMERICA,

        Plaintiff - Appellee,

    v.

JAMES EDWARD ROSE, a/k/a Kwali Smith, a/k/a Buck,

        Defendant - Appellant.

Appeal from the United States District Court for the Eastern District of Virginia, at Alexandria. Liam O'Grady, District Judge. (1:07-cr-00503-LO-1)

Submitted: March 16, 2009        Decided: March 31, 2009

Before TRAXLER and SHEDD, Circuit Judges, and HAMILTON, Senior Circuit Judge.

Affirmed by unpublished per curiam opinion.

Gregory B. English, ENGLISH & SMITH, Alexandria, Virginia, for Appellant. Dana J. Boente, Acting United States Attorney, Stephanie Bibighaus Hammerstrom, Michael E. Rich, Assistant United States Attorneys, Alexandria, Virginia, for Appellee.

Unpublished opinions are not binding precedent in this circuit.

PER CURIAM:

James Edward Rose ("Rose") appeals convictions resulting from the armed robberies or attempted robberies of several convenience stores in Northern Virginia. He challenges the district court's denial of his motion to suppress evidence seized in two searches of residences with which Rose was associated: his uncle's apartment ("Residence 1"), and his girlfriend's apartment ("Residence 2"). Rose had moved to suppress shoes and clothes, a backpack with ammunition and learner's permit bearing his name, a cap, and a CD from which a latent finger print was taken seized from Residence 1, and clothes as well as certificates and documents bearing Rose's nickname seized from Residence 2. Finding that probable cause supported issuance of each warrant, and the incriminating nature of the seized items was readily apparent to detectives performing the search, the district court denied Rose's motion to suppress.

Rose was convicted by a jury of three counts of robbery, in violation of 18 U.S.C. § 1951 (2006); attempted robbery, in violation of 18 U.S.C. § 1951; four counts of use of a firearm during a crime of violence, in violation of 18 U.S.C. § 924(c)(1)(A), (B) (2006); possession of a firearm by a felon, in violation of 18 U.S.C. § 922(g)(1) (2006); attempted witness tampering, in violation of 18 U.S.C.A. § 1512(b)(1) (West 2000 &

Supp. 2008); and attempting to impede an official proceeding, in violation of 18 U.S.C. § 1512(c)(2) (2006). He was sentenced to a total term of 1,120 months' imprisonment. On appeal, Rose reasserts two of the arguments he made in his original pretrial motion to suppress: (1) the state magistrate did not have probable cause to issue search warrants for Residences 1 and 2; and (2) officers did not have authority to seize the robbery-related items not specifically delineated in the search warrants for Residences 1 and 2. For the reasons that follow, we affirm.

In reviewing the district court's ruling on a motion to suppress, this court reviews the district court's factual findings for clear error and its legal determinations de novo. United States v. Cain, 524 F.3d 477, 481 (4th Cir. 2008). The facts are reviewed in the light most favorable to the prevailing party below. United States v. Jamison, 509 F.3d 623, 628 (4th Cir. 2007).

The relevant inquiry when reviewing the propriety of the issuance of a search warrant is whether, under the totality of the circumstances, the issuing judge had a substantial basis for concluding that there was probable cause to issue the warrant. Illinois v. Gates, 462 U.S. 213, 238-39 (1983). The facts presented to the issuing judge need only convince a person of reasonable caution that contraband or evidence of a crime will be found at the place to be searched. Texas v. Brown, 460

3

U.S. 730, 742 (1983). We afford great deference to the district court's findings of probable cause. Gates, 462 U.S. at 236.

Rose contends that the affidavit submitted in support of the search warrant for Residence 1 "was almost completely based on information provided by one informant," with no independent corroboration by detectives. Therefore, according to Rose, the magistrate did not have probable cause to issue the warrant. However, a review of the record reveals that Rose misstates the case.

Detectives surveilling Residence 1 noticed significant "short term traffic" at the residence, of the kind typically associated with the purchase and distribution of drugs. They arrested an individual ("Informant") seen exiting Residence 1 soon after his arrival there. Informant told detectives he had purchased crack cocaine from within the residence, and that others in the house were using crack cocaine there. Informant identified David Rose from a photograph, and stated he was at the residence. A check of the Fairfax County Police Department records revealed that David Rose, Rose's uncle, had provided Residence 1 as his current address; a criminal record check confirmed David Rose had several prior convictions for drug distribution.

These facts corroborated Informant's information. Further, that the Informant's face-to-face statements to police

4

were against his penal interest lends support to their veracity. See United States v. DeQuasie, 373 F.3d 509, 523 (4th Cir. 2004) (noting that "an informant who meets face-to-face with an officer provides the officer with an opportunity to assess his credibility and demeanor and also exposes himself to accountability for making a false statement"); United States v. Rowell, 903 F.2d 899, 903 (2d Cir. 1990) (finding an informant's statement reliable as it was made against penal interest). As the sum of this evidence was more than sufficient to "convince a person of reasonable caution that contraband," namely controlled substances, would be found at Residence 1, we find probable cause existed for the issuance of a search warrant for the residence.

Rose next argues that because the scope of the search warrant was limited to "cocaine, paraphernalia, and . . . documents related to the distribution of cocaine," detectives lacked authority to seize any of the robbery-related items. However, this argument must fail under the plain-view doctrine. "[T]he plain-view doctrine authorizes warrantless seizures of incriminating evidence when (1) the officer is lawfully in a place from which the object may be plainly viewed; (2) the officer has a lawful right of access to the object itself; and (3) the object's incriminating character is immediately apparent." United States v. Jackson, 131 F.3d 1105, 1109 (4th

5

Cir. 1997). Here, there is no question that the officers were lawfully present in David Rose's apartment and could lawfully open any bags, closets, drawers, or containers found in the apartment in which drugs might be found. See United States v. Ross, 456 U.S. 798, 821 (1982).

However, Rose argues that because the authority to search Residence 1 was "purportedly based on information relating to drug trafficking[,] . . . there is no way any incriminating character of the [robbery-related] items could have been observed." However, this contention is belied by our precedent. The incriminating nature of a seized object is based not on the information provided in the warrant, but on whether "the agents collectively ha[ve] probable cause to believe the [object] was evidence of a crime at the time of the seizure." United States v. Wells, 98 F.3d 808, 810 (4th Cir. 1996). As several of the detectives performing the search immediately identified the articles of clothing found at the scene as those depicted in the videos and still photographs of several of the robberies, it is clear that the incriminating nature of the robbery-related items was immediately apparent. As for the learner's permit and the CD bearing a latent finger print, we have specifically upheld the seizure of items "linking [a suspect] to the premises where [evidence was] found." United States v. Wardrick, 350 F.3d 446, 453 (4th Cir. 2003).

Accordingly, we find the district court did not err in denying Rose's motion to suppress the items seized from Residence 1.

It is similarly clear from the record that the district court did not err in finding that probable cause supported issuance of the search warrant for Residence 2. A criminal informant ("CI") told detectives Rose had been staying with his girlfriend the day before execution of the search warrants. Fairfax County Police records corroborated this information, revealing that a woman living at Residence 2 had once filed an assault warrant against Rose, and that Rose had previously provided Residence 2 as his address.

The CI further provided detectives with Rose's cell phone number; this number was registered to "Kwili K. Smith," which the CI stated was an alias Rose acquired in prison. Detectives independently traced the phone number and determined that it had received and originated calls on February 24, 2007, from a tower located approximately 400 yards from Residence 2, and the phone's actual position was traced to that same tower. In addition, the CI had personally observed Rose within the last two weeks in possession of a handgun similar to that used in several of the robberies. We find that the CI's information, corroborated by the detectives' independent investigations and the evidence seized during the search of Residence 1, is more

than sufficient to support the district court's finding that the issuance of the warrant was supported by probable cause.

Turning to the items recovered from Residence 2, we again find that the plain-view doctrine authorized their seizure. As in the first search, several of the detectives performing the search immediately identified the articles of clothing found at Residence 2 as depicted in videos and still photographs of some of the robberies. Thus, the incriminating nature of the clothing was immediately apparent. Further, the detectives had the authority to seize documents bearing Rose's nickname as evidence linking Rose to the premises. See Wardrick, 350 F.3d at 453.

Accordingly, we find no error in the district court's ruling denying the motion to suppress, and we affirm the judgment of the district court. We dispense with oral argument because the facts and legal contentions are adequately presented in the materials before the court and argument would not aid the decisional process.

AFFIRMED