**UNPUBLISHED**

UNITED STATES COURT OF APPEALS
FOR THE FOURTH CIRCUIT

**No. 20-6359**

UNITED STATES OF AMERICA,

Plaintiff - Appellee,

v.

JAMES EDWARD ROSE, a/k/a Kwali Smith, a/k/a Buck,

Defendant - Appellant.

Appeal from the United States District Court for the Eastern District of Virginia, at Alexandria. Liam O'Grady, Senior District Judge. (1:07-cr-00503-LO-1; 1:16-cv-00776-LO)

Submitted: November 17, 2020                      Decided: January 6, 2021

Before MOTZ and KEENAN, Circuit Judges, and TRAXLER, Senior Circuit Judge.

Vacated and remanded in part and dismissed in part by unpublished per curiam opinion.

Geremy C. Kamens, Federal Public Defender, Frances H. Pratt, Assistant Federal Public Defender, OFFICE OF THE FEDERAL PUBLIC DEFENDER, Alexandria, Virginia, for Appellant.

Unpublished opinions are not binding precedent in this circuit.

PER CURIAM:

In 2008, a jury convicted James Edward Rose of, among other offenses, three counts of substantive Hobbs Act robbery (Counts 3, 5, and 9) and one count of attempted Hobbs Act robbery (Count 7), all in violation of 18 U.S.C. § 1951(a), and four counts of brandishing or discharging a firearm during and in relation to a crime of violence, in violation of 18 U.S.C. § 924(c)(1)(A)(ii)-(iii) (Counts 4, 6, 8, and 10). The underlying crimes of violence for the § 924(c) convictions in Counts 4, 6, and 10 were the substantive Hobbs Act robbery convictions in Counts 3, 5, and 9, and the underlying crime of violence for the § 924(c) conviction in Count 8 was the attempted Hobbs Act robbery conviction in Count 7.

The district court sentenced Rose to a total term of 1120 months' imprisonment, which included a 300-month consecutive sentence for the § 924(c) conviction in Count 8. We affirmed. *United States v. Rose*, 321 F. App'x 324 (4th Cir. 2009) (No. 08-4762). The district court denied Rose's first 28 U.S.C. § 2255 motion on the merits, and we denied a certificate of appealability and dismissed Rose's appeal. *United States v. Rose*, 508 F. App'x 271 (4th Cir. 2013) (No. 12-7449).

In 2016, we granted Rose authorization to file a successive § 2255 motion based on *Johnson v. United States*, 576 U.S. 591, 597, 606 (2015), which declared the residual clause of the Armed Career Criminal Act (ACCA), 18 U.S.C. § 924(e)(2)(B)(ii), unconstitutionally vague. In his authorized, successive § 2255 motion, Rose argued that, after *Johnson*, his substantive and attempted Hobbs Act robbery convictions no longer qualify as crimes of violence under § 924(c). While Rose's motion was pending, the

2

Supreme Court held that § 924(c)'s residual clause, like the ACCA's residual clause, is unconstitutionally vague. *United States v. Davis*, 139 S. Ct. 2319, 2336 (2019); *accord United States v. Simms*, 914 F.3d 229, 236-37 (4th Cir.) (en banc), *cert. denied*, 140 S. Ct. 304 (2019). Thus, after *Davis*, Rose's convictions for substantive and attempted Hobbs Act robbery can only support his § 924(c) convictions if those offenses qualify as crimes of violence under § 924(c)'s force clause.

After receiving supplemental briefing in light of this development, the district court denied Rose's motion to vacate Counts 4, 6, and 10 based on our post-*Davis* decision in *United States v. Mathis*, 932 F.3d 242, 265-66 (4th Cir. 2019), holding that substantive Hobbs Act robbery meets the requirements of § 924(c)'s force clause. The court also denied Rose's motion to vacate Count 8, concluding that attempted Hobbs Act robbery categorically qualifies as a crime of violence under the force clause but recognizing that we had not yet decided the issue.

Rose now seeks to appeal the district court's order denying relief on his authorized, successive 28 U.S.C. § 2255 motion. The order is not appealable unless a circuit justice or judge issues a certificate of appealability. *See* 28 U.S.C. § 2253(c)(1)(B). A certificate of appealability will not issue absent "a substantial showing of the denial of a constitutional right." 28 U.S.C. § 2253(c)(2). Where, as here, the district court denies relief on the merits, a prisoner satisfies this standard by demonstrating that reasonable jurists could find the district court's assessment of the constitutional claims debatable or wrong. *See Buck v. Davis*, 137 S. Ct. 759, 773-74 (2017).

Rose challenges the district court's denial of his motion to vacate Count 8, maintaining that attempted Hobbs Act robbery is no longer a crime of violence after *Davis* because the offense does not qualify under § 924(c)'s force clause. We agree. After the district court entered its decision, we held that attempted Hobbs Act robbery is not categorically a crime of violence under § 924(c)'s force clause. *United States v. Taylor*, 979 F.3d 203, 210 (4th Cir. 2020). Accordingly, we grant a certificate of appealability in part, reverse the district court's denial of Rose's motion to vacate Count 8, vacate the § 924(c) conviction in Count 8, and remand for resentencing. *See id.* But because Rose does not challenge the remainder of the court's order, we deny a certificate of appealability in part and dismiss the appeal of the portion of the court's order denying Rose's motion to vacate Counts 4, 6, and 10. *See* 4th Cir. R. 34(b); *see also Jackson v. Lightsey*, 775 F.3d 170, 177 (4th Cir. 2014) ("The informal brief is an important document; under Fourth Circuit rules, our review is limited to issues preserved in that brief.").

We dispense with oral argument because the facts and legal contentions are adequately presented in the materials before this court and argument would not aid the decisional process.

*VACATED AND REMANDED IN PART,*
*DISMISSED IN PART*